JAMES C. DUNN, administrator, *vs.* HORACE B. SARGENT, executor, & others.

Under a bequest of the income of a trust fund to a person for life, and the principal at his death to his children, or if he shall die without children then to such of his brothers and sisters as shall survive him, the interest of the latter during his life is a vested interest in a contingent remainder.

A trustee of a fund which by the terms of the trust was to vest absolutely in his insane wife and two others upon the happening of a contingency, paid two thirds of the fund to the two others upon the happening of the contingency; invested the other third in securities, which he kept in a separate envelope inscribed with a memorandum, signed by him, declaring that they were to be disposed of as directed in his will; received and used the income of them for four years and until his death; and left a will disposing of them and describing them as in his possession. *Held*, that at common law this was a sufficient reduction of them to his possession as her husband.

The interest of a husband in a remainder in personal property already bequeathed to his wife upon the contingency of her surviving a life tenant is so far vested, that it cannot be taken away by a statute passed before the happening of the contingency, without compensation to him.

BILL IN EQUITY, filed November 11, 1867, by Sarah C. Sargent, by her guardian, and, upon her death pending the suit, prosecuted by the administrator of her estate, against the executor of the will of her husband Lucius M. Sargent, and the widow and children of his son Lucius M. Sargent, Jr. The case was reserved by *Gray*, J., for the determination of the ful' court upon the following facts:

Sarah Dunn died in 1819, leaving two sons, Benjamin C. and James C., and two daughters, Mrs. Sarah C. Sargent and Mrs. Anna J. Phillips; and by her will, which was duly proved, gave one fourth of the residue of her estate to Job Prince, in trust, for the benefit of said Benjamin C. for life and at his death to his children, but if he should die without children then to such of his brothers and sisters as might survive him, and if either should die in his lifetime, leaving child or children, such child or children should take the parent's share. Mrs. Sarah C. Sargent was married in 1827. Her husband was afterwards appointed trustee under her mother's will, in place of Prince; held the trust fund until 1863, when Benjamin C. Dunn died without children; then paid two thirds thereof to James C. Dunn and Mrs. Phillips; retained the remaining third, being the portion of his wife (who was then insane, and so continued till her death), invested very nearly the whole of it in twenty interest bearing bonds of the United States, of the denomination of $1000 each; received and used the income and interest thereof until he died in June 1867; and kept these bonds (as he kept his several other kinds of securities) in an envelope by themselves. The envelope containing them was labelled, in his handwriting, thus: " Twenty 5–20 bonds U. S. $1000, referred to in the first clause of my will, and to be disposed of as therein directed. L. M. S." The first clause of his will was as follows: " I will and direct that twenty bonds of the United States, of one thousand dollars each, now in my possession, be sold as soon as may be after my decease, and the avails thereof paid over to the Massachusetts Hospital Life Insurance Co., in trust, to pay the interest thereof annually to Letitia S. Sargent, widow of Lucius M. Sargent, Jr., during her natural life, and the principal at her death to his children, share and share alike."

*W. S. Leland & J. M. Pinkerton,* for the plaintiff.

*H. W. Paine,* as *amicus curiæ, contra.*

GRAY, J. The interests which Mrs. Sargent, her brother James, and her sister, took under the will of their mother in the property thereby bequeathed in trust for their brother Benjamin, were contingent remainders. The persons to whom these in-

terests were bequeathed were ascertained at the death of the testatrix; for they were her own children and named in the will. The contingency upon which the vesting of their interests in possession depended was the event of their brother Benjamin's dying without leaving children, during their lifetime. Their interests were not indeed transmissible or devisable, because the gift in remainder was to such of them only as should survive Benjamin. But though not vested in possession, and subject to be defeated by the death of the legatee in remainder during the life of Benjamin or his children, they were vested in right from the death of the testatrix, and capable of alienation, subject of course to the same contingencies in the hands of the assignee as in those of the assignor. *Barnes* v. *Allen,* 1 Bro. Ch. 181. *Winslow* v. *Goodwin,* 7 Met. 363. *Gardner* v. *Hooper,* 3 Gray, 398. *Pierce* v. *Lee,* 9 Gray, 42. *Nash* v. *Nash,* 12 Allen, 345.

By the common law, which was the law of this Commonwealth upon the subject at the times of the vesting of this right in Mrs. Sargent and of her marriage, the husband had the right to make his wife's choses in action his own by reducing them to possession. If the original trustee had continued to hold the fund, the interest of Mrs. Sargent would have been a chose in action, which, on the happening of the contingency upon which it was to vest absolutely in her, might have been reduced to possession by her husband. His appointment as trustee and receipt of the trust fund, while not of themselves a reduction to possession as husband, did not deprive him of any right to reduce it to his own possession, which he would have had if another person had continued to be trustee. The fund being rightly in his hands, in whichever capacity he held it, no suit was necessary to reduce it to possession, and the only question is, whether he elected to hold it as husband and did such acts in his lifetime as to manifest and fix that election. His receipt and use of the income, setting apart the securities in which the principal was invested in a separate envelope, with a memorandum thereon, signed by himself, declaring that they were to be disposed of as directed in his will, and his disposition of them in his will.

describing them as in his own possession, clearly show an intention to reduce and an actual reduction to possession by him. They must therefore be held by the executor of his will, unless the recent statutes concerning the property of married women affect the case.

By these statutes, the property, both real and personal, which any married woman at the time of their passage owned as her sole and separate property, or which might afterwards come to her by descent, devise or bequest, was declared to be and remain her sole and separate property, notwithstanding her marriage, and not to be subject to the disposal of her husband, or liable for his debts. St. 1857, *c.* 249, § 1. Gen. Sts. *c.* 108, § 1. These statutes would seem in terms to include the right which had vested in Mrs. Sargent under the will of her mother. But they could not take away or diminish any right which had already vested in her husband in the same property. It is quite clear that if, by the termination of the life estate of her brother Benjamin, the contingency, upon which her husband was entitled to reduce the property to his own possession, had happened before the passage of these statutes, the fact that he had not actually exercised that right would not subject his interest in the property to their operation. *Westervelt* v. *Gregg*, 2 Kernan, 202. *Norris* v. *Beyea*, 3 Kernan, 274. Even during the continuance of the life estate, his right in this property of his wife was, (according to the adjudication of this court in *Gardner* v. *Hooper*, 3 Gray, 378,) a valuable and assignable interest, which, though contingent in possession and enjoyment, was vested in right; and of which therefore he could not be deprived by act of the legislature without compensation. *Jackson* v. *Sublett*, 10 B. Monr. 467.

This interest was wholly different from a husband's expectation of a right in property to accrue to his wife after the passage of the statutes, which, like that of an heir in the estate of his ancestor, would not have been an interest vested either in possession or in right, but a bare possibility, and therefore liable to be defeated by a change in the law at any time before the right accrued.

It has indeed been held, by the courts of some states, that a wife's right of dower may be cut off by act of the legislature at any time before it becomes consummate upon the death of the husband. See the cases collected in 2 Scribner on Dower, *c.* 1. But those decisions proceed upon the theory that such a right is not an interest in property, but a mere possibility, created by law, and not in any sense vested or assignable until after the husband's death. And it may well be doubted whether they are consistent with the law of this Commonwealth, by which an inchoate right of dower is recognized as something more than a possibility, and as an interest in property, which equity will under some circumstances protect at the suit of the wife in the lifetime of the husband. *Davis* v. *Wetherell,* 13 Allen, 63. See also *Kelly* v. *Harrison,* 2 Johns. Cas. 29.

The cases in which it has been held that a statute changing joint tenancies into tenancies in common applied to joint tenancies existing at the time of its passage have no bearing upon this question. The reason assigned in most of them is, that such a statute did not injuriously affect vested rights, because it substituted a tenure more beneficial to all the tenants than that which they had before. *Holbrook* v. *Finney,* 4 Mass. 568. *Miller* v. *Miller,* 16 Mass. 61. *Annable* v. *Patch,* 3 Pick. 363. *Burghardt* v. *Turner,* 12 Pick. 539. *Wildes* v. *Vanvoorhis,* 15 Gray, 147. A more satisfactory reason may perhaps be found in the consideration that the statute severing the joint tenancy and cutting off the right of survivorship did no more than either tenant might have done at common law, by conveying his interest to a stranger, or by suing for partition. 4 Kent Com. (6th ed.) 363, 364. *Bombaugh* v. *Bombaugh,* 11 S. & R. 192, 193. Neither of those reasons can apply to a statute which would deprive a husband of a valuable right in his wife's property without any compensation or substitute whatever.

The plaintiff as administrator of the wife's estate therefore shows no title to the fund in question, and the decree must be

*Bill dismissed.*