CAROLINE A. GARDINER & another *vs.* CHARLES H. GUILD & others.

A testator devised land to his daughter C. for life, "and at her death to her oldest son, in case she have one, otherwise to her oldest daughter, and in case C. decease without children of her born" then to the children of a son of the testator. By another clause of the will he devised other land to another son for his life, and at his death "to his oldest surviving son." At the date of the will and at the death of the testator, C. had an oldest son, W. *Held,* that W. took an indefeasible vested remainder in fee simple after C.'s life estate in the first parcel of land.

BILL IN EQUITY by Caroline A. Gardiner and William P. Gardiner for the specific performance of a contract by which the plaintiffs agreed to sell and the defendants to buy a lot of land in Boston. The case, as it appeared from the bill and answer, on which it was reserved by *Ames,* J., for the determination of the full court, was as follows :

Peleg Tallman died in 1841, seised of the land in question and leaving a will dated June 4, 1839, by the seventh clause of which he gave to his son James C. Tallman, " during his natural life, the use and occupancy and improvement" of a farm in Maine, " to hold the said farm to the said James during his natural life, and at his decease I will that the same descend to his oldest surviving son, if he leave one, and if not, to his two oldest daughters equally, and in case he has but one daughter, then to descend to her, and on failure of heirs of his body on the part of said James, then said real estate is to descend to the oldest surviving son of Benjamin F. Tallman, provided said son be a steady and temperate man at the age of twenty-one years. If not, then said real estate to descend to the two oldest daughters of my said son Benjamin F. Tallman, or to the survivor of them."

The fourteenth clause of the will was as follows : " I give and devise to my daughter Caroline, wife of George Gardiner," the lot of land in question, " to hold the said real estate to said Caroline, for her natural life, and at her death to her oldest son, in case she have one, otherwise to her oldest daughter, and in case said Caroline decease without children of her born, then I will and order that the said devised estate descend to the children of my son Henry Tallman."

The plaintiff Caroline A. Gardiner is the Caroline mentioned in the fourteenth clause of the will, and is now a widow ; the plaintiff William P. Gardiner is her oldest son, and was born December 1, 1838. The only question in the case was, whether under the will the plaintiffs could give a good title in fee simple to the land.

*H. W. Paine & R. D. Smith,* for the plaintiffs. Caroline took an estate for life, with a vested remainder in fee to her oldest son. Fearne on Rem. 217. *Richardson* v. *Wheatland*, 7 Met. 169. The devise " to her oldest son, in case she have one," means, in case she have one at the testator's decease. *M'Lachlan* v. *Taitt*, 2 De Gex, Fisher & Jones, 449. *Bowers* v. *Porter*, 4 Pick. 198, 205. *Ellis* v. *Essex Merrimac Bridge Proprietors*, 2 Pick. 243. *Moore* v. *Lyons*, 25 Wend. 119. *Miles* v. *Boyden*, 3 Pick. 213. *Driver* v. *Frank*, 3 M. & S. 25 *Adams* v. *Bush*, 8 Scott, 405. As the plaintiff satisfies the *descriptio personæ* fully, the remainder, being vested, does not require to open to let in others of a class. *Richardson* v. *Wheatland*, 7 Met. 169. " Oldest child " in such a devise is a word of purchase. *Annable* v. *Patch*, 3 Pick. 360. Clause seven shows that the testator knew the apt words to express " oldest surviving son." If Caroline did not take an estate for life with a vested remainder to her oldest son in fee, she took an estate in fee tail, or an estate for life with remainder to her oldest son in fee tail. *Doe* v. *Charlton*, 1 Man. & Gr. 429. *Nightingale* v. *Burrell*, 15 Pick. 104. *Canedy* v. *Haskins*, 13 Met. 389, 403. *Gifford* v. *Choate*, 100 Mass. 343. Gen. Sts. *c.* 89, § 12. Whichever of these constructions is adopted, the plaintiffs can give a good title to the land.

The remainder cannot be vested in the son, subject to be di

vested by his dying before his mother; because, if the time of vesting was the testator's death, there are no words showing any intention of divesting the remainder upon any subsequent contingency. *Blanchard* v. *Blanchard*, 1 Allen, 223, and cases cited. If the remainder should be held contingent until Caroline's death, then the estate would go, if she had no children then living, to the children of Henry Tallman. But this would be construing " children born " to mean " children surviving," which could not be. So, if this construction was adopted, and Caroline died without living children, but having grandchildren by a deceased oldest son, the estate would go to Henry's children.

*H. C. Hutchins & A. S. Wheeler*, for the defendants. The remainder to Caroline's oldest son is contingent. The gift " at her death to her oldest son, in case she have one," is a gift to the person who should be oldest son at the period of distribution, that is, at the death of Caroline. *Leake* v. *Robinson*, 2 Meriv. 363, 385, 386. *Festing* v. *Allen*, 12 M. & W. 279, 300. *Newman* v. *Newman*, 10 Sim. 51. *Carmichael* v. *Carmichael*, 4 Keyes, 346. *Miles* v. *Boyden*, 3 Pick. 213, 216, 217. *Matthews* v. *Paul*, 3 Swanst. 328. *Lincoln* v. *Pelham*, 10 Ves. (Sumner's ed.) 166, 176, note. *Rivers's Settlement*, 24 Law Times (N. S.) 253. 2 Jarman on Wills, 122. If the testator meant to give the remainder exclusively to the present oldest son, who was living at the date of the will, why did he not devise it to him by name? If he meant the present oldest son, then the clause would read as if it had been written, " and at her death to her present oldest son, in case she have one," which would be absurd. The testator saw that the son living at the date of the will might die, and that some other son might be born who would answer the description of " oldest son " at Caroline's decease. *Madden* v. *Ikin*, 2 Dr. & Sm. 207. *Collingwood* v. *Stanhope*, Law Rep. 4 H. L. 43. *Carroll* v. *Hancock*, 3 Jones (No. Car.) 471.

If the remainder is vested in William, yet it is defeasible by his death in the lifetime of his mother; *Blanchard* v. *Blanchard*, 1 Allen, 223; *Moore* v. *Lyons*, 25 Wend. 119; and he can give no good title thereto. The expression " without children born " cannot mean " without having had a child," for Caro-

line had a child at the time the will was made. The seventh clause is to the same effect as the fourteenth, but more clearly expressed.

GRAY, J. Upon a consideration of the provisions of this will, and of the numerous cases cited in the elaborate arguments of counsel, we are of opinion that the testator by the fourteenth article gave an estate for life to his daughter Caroline, and a vested remainder to her son William, being her oldest son at the time of the death of the testator, when his will took effect.

If the case depended upon the provisions of the fourteenth article only, we should, having regard to the leaning of the law in favor of vested interests, have no doubt that this was the true construction. *Miles* v. *Boyden,* 3 Pick. 213. *Pike* v. *Stephenson,* 99 Mass. 188. 2 Jarman on Wills, 117, 124 ; (3d ed.) 192, 197, 198.

In support of the argument that the words " oldest son," in this article, mean " oldest son surviving " his mother, the learned counsel for the defendants refer to the seventh article of the will, which they contend " is to the same effect, but more clearly expressed." But such a reference seems to us, by the contrast between the terms of the two articles, strongly to support the opposite conclusion ; for the fourteenth article omits not only the word " surviving " as qualifying the words " oldest son," but the direction that at the decease of his parent the estate shall " descend " to him ; and the seventh article gives the estate over to another branch of the family, only on failure of " heirs of the body " of the child of the testator named in that article, which would include issue in any degree ; whereas in the fourteenth article the devise over is " in case the said Caroline decease without children of her born," so that, if the defendants' construction should be adopted, then, in case Caroline should leave no children living at her death, but should leave grandchildren, the estate would go to another branch of the family, to the exclusion of her grandchildren. Such a construction would be inconsistent with the general intention of the testator, as manifested by both articles, to give the estate described in each primarily to the testator's child therein named and its issue.

It is admitted by the defendants that this last clause in the fourteenth article cannot be read literally, so as so mean " shall die without having had a child." It is argued that it means " without children of her born, living at her decease." But the true construction of this clause appears to us to be to refer it to the same period at which the oldest son of Caroline is to be ascertained, namely, at the time of the testator's death, so that the remainder would, in any event, vest absolutely at that time.

It follows, that Caroline and William together can convey an absolute and indefeasible title in fee simple.

*Decree for the plaintiffs.*