WILLIAM MINOT & another, trustees, *vs.* BENJAMIN TAPPAN & others.

Suffolk. Nov. 21, 1876. — May 7, 1877. AMES & SOULE, JJ., absent.

A testator, by his will, devised a portion of his estate in trust for the benefit of his son A. during his life, and directed the trustees, in default of issue of A., to "convey and transfer the same to my heirs at law." A. died leaving no issue and never having been married. B., a son of the testator, died before A., having in his lifetime been declared a bankrupt, and leaving a widow and children. *Held*, on a bill in equity brought, after the death of A., by the trustees for intructions, that B. took a vested interest in the trust estate, which passed to his assignee in bank-

ruptcy; and that, in the absence of evidence of a reconveyance to **B.** by his assignee of this interest, a decree could not be made to distribute it, until it was ascertained to whom it belonged.

MORTON, J. This bill is brought by the trustees under the will of Thomas L. Winthrop, who died in February, 1841, to obtain the instructions of the court as to the construction of that clause in the will by which one quarter part of the residue was given to trustees for the benefit of George E. Winthrop. This devise was made to the trustees upon the trusts, to pay the net income thereof to the testator's son George E. Winthrop during his life, and if he should die leaving a widow, to such widow during her life, and if said George should die leaving no widow but leaving children, the trust estate was to be conveyed and transferred to such children and the issue of any deceased children. The clause then provides that " in default of any such child, children or issue then living, then in trust to convey and transfer the same to my heirs at law, to hold the same to them their heirs and assigns forever."

George E. Winthrop died in 1875, leaving no issue and never having been married. The questions now presented to us relate to the share of the trust estate which Grenville T. Winthrop, who died in 1852, would have been entitled to if he had survived his brother George, not having alienated his interest. The only parties before the court claiming this interest are the widow and children of said Grenville and his administrator. The principal question is whether, under the last clause of the will above cited, the said Grenville took an interest in the trust estate which vested at the death of the testator.

The general rule is well settled that a bequest or devise to the " heirs " or the " heirs at law " of a testator will be construed as referring to those who are such at the time of the testator's death, unless a different intent is plainly manifested by the will. We are unable to find in this will any decisive indications that the testator, in the clause we are considering, intended by his " heirs at law," those who should be such at the death of his son George without issue.

There are no words of contingency, such as " if they shall be living at his death," or " to such of my heirs as shall be then living," which would naturally be used if the intention was to

limit the devise or bequest to such of the class as should be then living. It is argued that the fact that the life tenant, George, was one of the testator's heirs at law at the time of his decease, shows that the intention was that the devise over should be to those who should be heirs at the time of distribution. But this fact does not take the case out of the general rule. This subject is elaborately discussed, and the authorities bearing upon it cited, in *Abbott* v. *Bradstreet*, 3 Allen, 587.

The fact that the clause in question contains a direction that the trustees are, in default of issue of George, to " convey and transfer the same to my heirs at law," has but little significance to show the intention of the testator, because, upon either construction, such a direction is necessary or suitable, in order to terminate the trust estate, and convert the equitable estates of the heirs at law into legal estates.

We must therefore hold, according to the great weight of the authorities, that this limitation to the testator's " heirs at law," imports his heirs at law at the time of his death.

Upon this construction it follows that Grenville T. Winthrop took at the death of his father an interest in this trust fund which he might alienate. There was no contingency as to the persons who were to take; they were the heirs at law of the testator ascertained at his death. The contingency upon which the vesting of his interest in possession depended, was the event of his brother George dying without leaving a widow or issue. But it vested in right upon the death of the testator, and was capable of alienation. It appears that in 1842 Grenville T. Winthrop was adjudged a bankrupt, under the bankrupt law of 1841. His interest in this trust fund passed to his assignee. *Gardner* v. *Hooper*, 3 Gray, 398. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Nash* v. *Nash*, 12 Allen, 345. *Dunn* v. *Sargent*, 101 Mass. 336.

It is not shown that it was reconveyed to said Grenville by his assignee, and we cannot, as matter of law, presume that it was so reconveyed.

It follows that we cannot decree that the trust estate should be transferred, either to the heirs or administrator of said Grenville, but the trustees must retain in their hands this portion of the fund until it is ascertained to whom it belongs.

*Decree accordingly.*

*F. V. Balch,* for the plaintiffs.

*W. Minot, Jr.,* for the widow and children of Grenville **T.** Winthrop.

*L. M. Sargent,* for the administrator.