EDWARD S. RHODES *vs.* ANNIE H. RHODES & others.

Suffolk.   March 18. — June 27, 1884.   DEVENS & COLBURN, JJ., absent.

A testator by his will gave to his son F., in trust for his son C., certain real estate, the income to be used for the support and benefit of C. during his life; and directed that, if it should become expedient to sell the estate, the proceeds should be reinvested for the benefit of C.; and provided as follows: "If at my decease said property should exceed in value one third of my estate, so much must be paid at once, or from time to time, to my sons E. and F. as shall make equal, should my son C. die without wife or children the above-named property to be divided equally between my two sons or their heirs." He also gave certain real and personal property to his sons E. and F.; and further provided as follows: "If at my decease the property given to my sons E. and F. should exceed two thirds the value of that given my son C., then it is my will that they pay to their brother from time to time such sum as may make them equal, as it is my most earnest wish that each should share alike." C. died, leaving a wife, but no children, and, by his will, bequeathed all his estate to her. *Held*, that the testator intended to make an equal distribution of his estate between his three sons, with the exception that C.'s share was to be held in trust for his benefit; and that C. could dispose of his share, by will or otherwise, in case of his leaving either wife or children.

PETITION for partition of certain land in Boston, against Annie Rhodes and Benjamin N. Rhodes. Elizabeth J. Rhodes was named in the petition as an adverse claimant of the land, and appeared. The case was submitted to the Superior Court, and, after judgment for Elizabeth J. Rhodes, to this court, on appeal, upon the following agreed facts:

On December 17, 1874, Ann D. Rhodes, widow, died, leaving a will, which was duly admitted to probate, and the material parts of which were as follows:

"1st. I give and bequeath to my son Franklin Rhodes, in trust for my son Charles Rhodes, my house and estate on Kirkland Street in Boston (now numbered sixteen), to be used the income thereof by my son Franklin Rhodes, for the support and benefit of my son Charles during his life. If it should become expedient from any cause that said estate must be sold, the proceeds to be reinvested for the benefit of my son Charles. If at my decease said property should exceed in value one third of my estate, so much must be paid at once, or from time to time, to my sons Edward and Franklin as shall make equal, should my son Charles die without wife or children the above-named property to be divided equally between my two sons or their heirs.

" 2d. To my sons Edward S. and Franklin Rhodes I give my house on Porter Street in Boston, now numbered twenty-one, together with sundry notes for money due me by my son Edward S. Rhodes and given in December, 1872, or early in January, 1873. Two sums of fourteen hundred dollars each, with the interest thereon, and one other sum of fourteen hundred dollars obtained from mortgage of house on Porter Street, January 1, 1874, at eight per cent interest, these several sums and all other moneys if by accumulation or in any way mine in possession of my son Edward at my decease to be accounted for, and allowed, as so much of his portion of my estate. If expedient the house on Porter Street to be sold for equal distribution of my estate, and if at my decease the property given to my sons Edward and Franklin should exceed two thirds the value of that given my son Charles, then it is my will that they pay to their brother from time to time such sum as may make them equal, as it is my most earnest wish that each should share alike."

The only heirs at law of Ann D. Rhodes were her three sons, Edward S. Rhodes, the petitioner, Franklin Rhodes, and Charles Rhodes, the persons named in the will. On March 27, 1876, Franklin Rhodes, under the provision of the will, was duly appointed trustee for the benefit of Charles Rhodes, and so continued to act until his death, which occurred subsequently to the death of Ann D. Rhodes, and prior to December, 1880. On December 6, 1880, Elizabeth J. Mitchell (now Elizabeth J. Rhodes, widow of Charles Rhodes) was duly appointed to said trust in place of Franklin Rhodes, deceased. On January 6, 1881, said Elizabeth J. was lawfully married to Charles Rhodes. On or about April 14, 1881, Charles Rhodes died testate, leaving no issue, and never having had issue; and, by his last will and testament, duly admitted to probate, he gave and bequeathed to his said wife all the estate of which he died seised and possessed. Elizabeth J. Rhodes was duly appointed the sole executrix of said last-named will, and was duly qualified to execute the same. Charles Rhodes was never in occupancy of any portion of said real estate, but received through his trustees the income and profits thereof. Franklin Rhodes died intestate, and left, as his only heirs at law, a son and a daughter, the respondents.

*A. Wellington*, for the petitioner.

*J. A. Sawyer*, for the respondents.

*E. B. Callender*, for the claimant.

C. ALLEN, J. Upon looking at all the provisions of this will, it appears that the testatrix intended that each of her three sons should take as nearly as possible an equal share in her estate, with this exception, that the share of her son Charles should be held in trust for his support and benefit during his life, with a right in him to dispose of the property after his death, by will or otherwise, in case of his dying with either wife or children, but with a devise over to the other two sons in case he should die without either wife or children. We cannot think that the devise over was to take effect either in case he died without a wife, or in case he died without children, as is contended by the plaintiff. In point of fact, he had a wife, who survived him; so that the contingency did not happen which took away his right of disposition; and we need not consider what would have been the result if his wife had died before him. See 2 Jarm. Wills (5th Am. ed. by Bigelow) 198.

There was no implied gift to his wife or children; but the inference is irresistible that the testatrix meant to give to him the right of disposition, subject to be defeated in the contingency named. She did not mean to leave any intestate property; or to give the share of Charles to her other two sons, except in case of the death of Charles without wife or children; or to give it directly to the wife or children of Charles; 1 Jarm. Wills, 563; but she did intend, and it was her most earnest wish, that each of her three sons should share alike, with the exception mentioned. There is no legal difficulty in the way of carrying out this intention; *Dunn* v. *Sargent*, 101 Mass. 336; and this construction of the will is like that given in other cases which bear a considerable resemblance to the present. *Cropton* v. *Davies*, L. R. 4 C. P. 159. *Dowling* v. *Dowling*, L. R. 1 Ch. 612. *Judgment affirmed.*