JOHN CUMMINGS, administrator, *vs.* WILLIAM B. STEARNS, administrator, & others.

Suffolk.     March 22, 1894. — June 20, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Devise and Legacy — Trust — Vested Interest in an Equitable Contingent Remainder.*

After creating a trust by will for the benefit of his children, a testator provided : " Upon the decease of any of my said children, A., B., C., and D., I give . . . that portion of my estate of which the income is above given to him or her for life, to his or her children, their heirs and assigns forever. And if either of them shall die leaving no child or more remote descendant then living, I give . . . such share to the others of said four children in equal shares, their heirs and assigns forever." A. died in 1891, leaving four children. D. died in 1892, unmarried and without issue. *Held*, that the portion of the testator's estate held in trust for D. during life passed to the executor of and trustee under the will of A., and not to A.'s four children.

A vested interest in an equitable contingent remainder is devisable, transmissible, and assignable subject to the contingency upon the happening of which its value ·depends.

BILL IN EQUITY, filed January 9, 1894, by the administrator *de bonis non* with the will annexed of the estate of William Bramhall, to obtain the instructions of the court as to the construction of the will.*

At the request of the parties, the case was reserved on the pleadings, by *Knowlton*, J., for the consideration of the full court.

*H. N. Shepard*, guardian *ad litem*, for the minor children of William T. Bramhall, a son of the testator.

*G. A. O. Ernst*, for James P. Stearns, executor of and trustee under the will of William T. Bramhall.

KNOWLTON, J.   By the codicil of the will of William Bramhall, his son, Robert Bramhall, who died on December 3, 1892, unmarried and without issue, became entitled for life to a share of the income of the trust fund created by the seventh clause of the will, and the eighth clause became applicable to him as if his name had been written therein.   *Cummings* v. *Bramhall*, 120 Mass. 552.   This clause is as follows: " Upon the decease of any of my said children, William T., Thomas M., Eliza S., and Maria S., I give, devise, and bequeath that portion of my estate of which the income is above given to him or her for life to his or her children, their heirs and assigns forever.   And if either of them shall die leaving no child or more remote descendant then living, I give, devise, and bequeath such share to the others of said four children, in equal shares, their heirs and assigns forever."   It gives to each of the children of the testator an equal share of the remainder after the life estate on the death of either of the others, upon the contingency that the deceased child leaves " no child or more remote descendant then living."   The persons who are to take this remainder upon the happening of the contingency are the children of the testator mentioned in this clause.   The will takes effect to give them their right at the death of the testator; their interest is vested from that time.   True it is an interest in a remainder which is contingent.   Upon the death of one of the others leaving no child or more remote descendant, it becomes as to his share vested in possession as well as in ownership.   The will gives a vested interest in an equitable contingent remainder

---

* The material provisions of the will may be found in the report of the case of *Cummings* v. *Bramhall*, 120 Mass. 552.

which may or may not come into possession. There is nothing in the will which indicates that the gift is dependent on the survivorship of the other several devisees after the death of one leaving no issue then living, but the evident intention of the testator was to make a final disposition of the whole estate according to the terms of the will. Such an interest is devisable, transmissible, and assignable, subject of course to the contingency upon the happening of which its value depends. *Winslow* v. *Goodwin*, 7 Met. 363. *Gardner* v. *Hooper*, 3 Gray, 398. *Dunn* v. *Sargent*, 101 Mass. 336. *Merriam* v. *Simonds*, 121 Mass. 198, 202. *Loring* v. *Carnes*, 148 Mass. 223.

That part of the estate held in trust which would have passed to William T. Bramhall if he had been living at the time of Robert's death, belongs to William T. Bramhall's estate, and goes to his executor and trustee.*          *Decree accordingly.*

---

* William T. Bramhall died on April 3, 1891, leaving four children, and a last will, in which he gave the residue of his estate in trust, the same person being named executor and trustee. The question in issue was whether that portion of William Bramhall's estate held in trust for Robert during his life, and which upon Robert's death would have passed to William T. Bramhall, if living, under the eighth clause of William Bramhall's will, now passed upon Robert's death to the executor of and trustee under the will of William T. Bramhall, or to William T. Bramhall's four children.