JOHN O. SHAW, JR., trustee, *vs.* JOSEPH S. ECKLEY
& others.

Suffolk.　　March 17, 1897. — September 8, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Will and Codicil — Trust — Vested Interest in Contingent Remainder — " Sur-
　vivorship " — Words of a Will sufficient to pass Direct Legacies or Contin-
　gent Remainders.*

A testator provided by will that all property coming thereunder to his sons D. and
　J. should be held in trust, the share of each son to be a distinct trust, " and the
　net income of each of my said son's shares shall be paid over to them respect-
　ively at convenient periods during their respective lives; and on the decease
　of my said son D. the principal sum held in trust for him shall be paid to his
　son D., if then living, and in case of his previous decease the trustees shall pay
　over said principal sum to my daughter and to my other sons, to be equally
　divided among them, the issue of a deceased child, other than the issue, if any,
　of my said son D, taking their parent's share by right of representation; and on
　the decease of my said son J. the principal sum held in trust for him shall be paid
　to his issue, if any then living, and otherwise, then to my heirs at law then liv-
　ing." The grandson D. Junior died in the lifetime of his father. *Held*, that
　the interest of the children in the remainder after the death of D. vested im-
　mediately on the death of the testator, and that the fund was to be divided
　into five equal shares, one for each of the children of the testator other than D.
　and for the representatives of the deceased children.

A testator provided by will " upon the decease of my said daughter, to finally dispose of, transfer, pay over, and convey the said trust fund, that is to say, the said real estate on B. Street, or the proceeds of the sale thereof, . . . and in case one or more of her said brothers shall die before her decease, then upon her decease to dispose of and convey the same to her surviving brothers in equal shares respectively, if more than one shall survive her, to their use and the use of their heirs and assigns forever; and if only one shall survive her, then to him, to his use and the use of his heirs and assigns forever; but in case one or more of her brothers dying before her decease shall leave issue which shall be living at the time of her decease, then upon her decease the such issue, if any, shall take the share or shares of its deceased father or fathers, respectively." At the time of her decease four of her brothers were living, and one had died leaving a daughter who was then living, but since deceased, having conveyed her interest to trustees under a marriage settlement. *Held,* that the four brothers and the daughter of the deceased brother were entitled each to one fifth of the proceeds of the fund at the time of her decease, the share of the deceased brother's daughter passing to the trustees under the marriage settlement.

The words of a codicil, " all the property coming under my said will from my estate to my sons D. and J. shall be held in trust," etc., were declared by the court to be broad enough to cover anything that might come to them from contingent cross-remainders by another part of this clause of the codicil, and also anything that might come to them directly or from contingent remainders under other clauses of the will, there being nothing contradictory to this in any part of the will or codicil.

BILL IN EQUITY, filed December 9, 1896, by the trustee under the will of Caroline S. Eckley, to obtain the instructions of the court as to the construction of the will. Hearing before *Barker,* J., who reserved the case for the determination of the full court, upon the petition and answers. The facts appear in the opinion.

The case was argued at the bar in March, 1897, and afterwards was submitted on briefs to all the justices.

*C. C. Read,* for the plaintiff.

*F. Brewster,* for Joseph S., Henry, and John L. Eckley, sons of Caroline S. Eckley, now living.

*F. L. Hayes,* for S. Gannett Wells, trustee under the will of Frances A. Eckley.

*J. H. Young,* for Robert E. Leman and James B. Miller, trustees under the marriage settlement of Blanche T. Eckley.

KNOWLTON, J.   This bill for instructions relates to two funds, each of which is derived from the estate of Caroline S. Eckley, deceased.   The first is the share of her son David, referred to in the fifth clause of the second codicil of her will, which is as follows: " It is my will that all the property coming under my

said will from my estate to my sons David Eckley and John Lowell Eckley shall be held in trust by the trustees hereinafter appointed, or by whomsoever shall act in their place, and that the share of each son shall be managed separately, as a distinct trust; and the net income of each of my said son's shares shall be paid over to them respectively at convenient periods during their respective lives; and on the decease of my said son David the principal sum held in trust for him shall be paid to his son David, if then living, and in case of his previous decease the trustees shall pay over said principal sum to my daughter and to my other sons, to be equally divided among them, the issue of a deceased child, other than the issue, if any, of my said son David, taking their parent's share by right of representation; and on the decease of my said son John the principal sum held in trust for him shall be paid to his issue, if any then living, and otherwise, then to my heirs at law then living." Her grandson, David Eckley, Jr., died in the lifetime of his father, and the question is whether the interests in the remainder after the life estate in this share vested on the decease of her son David, or at an earlier time. The question is not free from difficulty, but we are of opinion that these interests of her other children in the remainder, after the death of her son David, vested immediately on the death of the testatrix. The gift over in the contingency that happened is to her daughter and to her other sons. She had but one daughter, and the gift to her is as if her name had been mentioned. The gift is not made dependent on her surviving the life tenant. There is no language indicating that the daughter was not to have her share in this fund to dispose of as she chose if the life tenant survived his son David. The same argument applies to the shares of the sons of the testatrix. The words " other sons " mean sons other than David, the life tenant, and the language is the same in effect as if the daughter and the other sons were mentioned by name. The remainder after the death of David was to his son David, subject to the contingency of his surviving the life tenant. The remainder to the daughter and the other sons of the testatrix was contingent upon the decease of David, Jr., in the lifetime of his father. The remainder could not vest in possession until the death of the life tenant, but there may be a vested interest in a contingent

remainder. The daughter and the other sons of the testatrix had such a vested interest from the death of the testatrix, although it was uncertain whether it would ever be vested in them in possession. "Such an interest is devisable, transmissible, and assignable, subject of course to the contingency upon the happening of which its value depends." *Cummings* v. *Stearns*, 161 Mass. 506, and cases cited.

The words, "the issue of a deceased child, other than the issue, if any, of my said son David, taking their parent's share by right of representation," were intended to provide that the interest of a son or daughter should determine or be devested in favor of issue in case of his or her decease leaving issue before the remainder vested in possession. Such a provision is not unusual, and is given effect according to the intention of the testator. *Blanchard* v. *Blanchard*, 1 Allen, 223, and cases cited. *Darling* v. *Blanchard*, 109 Mass. 176. *Putnam* v. *Story*, 132 Mass. 205. *Smither* v. *Willock*, 9 Ves. 233. This seems a more natural construction of the language than to hold that the gift to the daughter, which in terms was absolute, was to take effect only in case she survived her brother David, and that the gifts to the sons other than David were only to such of them as should survive him.

There seems to be no good reason for fixing the date of the death of David Junior as the time at which to determine the persons who shall take. That is not the date at which the remainder would either vest in interest or vest in possession. The only change which occurred at that time was that the remainder, which before was contingent, became absolute in the daughter and other sons of the testatrix, subject only to be devested in the case of any of them who should die leaving issue before it vested in possession. For cases tending to support this view, see *Gardiner* v. *Guild*, 106 Mass. 25; *Hill* v. *Bacon*, 106 Mass. 578; *Whall* v. *Converse*, 146 Mass. 345; *Marsh* v. *Hoyt*, 161 Mass. 459; *Cummings* v. *Stearns*, 161 Mass. 506. We are therefore of opinion that this fund is to be divided into five equal shares, one for each of the children of the testatrix other than David, and for the representatives of the deceased children.

The other fund comes from the sale of the Beacon Street real

estate after the death of Frances A. Eckley, the daughter of the testatrix. The language of the fourth clause of the will, under which the sale was made, is in part as follows: "Upon the decease of my said daughter, to finally dispose of, transfer, pay over, and convey the said trust fund, that is to say, the said real estate on Beacon Street, or the proceeds of the sale thereof, . . . and in case one or more of her said brothers shall die before her decease, then upon her decease to dispose of and convey the same to her surviving brothers in equal shares respectively, if more than one shall survive her, to their use and the use of their heirs and assigns forever; and if only one shall survive her, then to him, to his use and the use of his heirs and assigns forever; but in case one or more of her brothers dying before her decease shall leave issue which shall be living at the time of her decease, then upon her decease the such issue, if any, shall take the share or shares of its deceased father or fathers respectively." At the time of her decease four of her brothers were living, and one, Arthur A. Eckley, had died, leaving a daughter who was then living but who has since deceased, having conveyed her interest to trustees under a marriage settlement. There can be no doubt that these four brothers and the daughter of her deceased brother were entitled each to one fifth of the proceeds of the fund at the time of her decease. The share of her deceased brother's daughter passed to the trustees under the marriage settlement.

The only remaining question is whether the share to which John Lowell Eckley is entitled from the trust fund held for the benefit of his brother David, and in the proceeds of the sale of the Beacon Street property, and the share which David took in the same proceeds, come under the trust created by the fifth clause of the second codicil of the will. The words used are, " all the property coming under my said will from my estate to my sons David Eckley and John Lowell Eckley shall be held in trust," etc. This language is broad enough to cover anything that might come to them from the contingent cross-remainders created by this clause, and also the contingent remainders under the other clauses of the will. There is nothing contradictory to this in any part of the will or codicils, and we are of opinion that the provision is applicable to everything that comes to

either of these two legatees under the will, either directly or as a contingent remainder, after the death of other beneficiaries. Their shares of these funds are therefore to be paid to the trustees. Frances A. Eckley, a daughter of the testatrix, having died after the testatrix and before David Eckley, her share in the remainder after the life estate of David Eckley, under the fifth clause of the second codicil, is to be paid under her will to S. Gannett Wells, trustee.　　　　　　　　*So ordered.*