STATE STREET TRUST COMPANY, trustee, *vs.* GERTRUDE MORRIS, administratrix *de bonis non,* & others.

Suffolk.  March 30, 1914. — June 18, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.  Trust.  Executor and Administrator.  Words,* "Heirs."

A testator by his will placed a fund in trust to pay the income to his sister C during her life and at her death to pay the income in equal portions to C's children during their lives, and, upon the death of any of C's children leaving issue, to pay to the issue one half of the trust fund; and provided that, in case either of C's children should die without issue, "the portion of the one so dying shall revert and become part of the residue of" the estate, discharged of the trust.  The residue was given "to my brothers and sisters before mentioned [six in number, including C] and their heirs."  All of the six brothers and sisters, after surviving the testator, died, C leaving two daughters, one of whom after-

wards died without issue. The estate of the testator was fully administered and there were no known creditors' claims. On a bill in equity by the trustee for instructions, the estates of the six brothers and sisters being represented by executors or administrators, it was *held* that the words, "and their heirs," in the residuary clause were words of limitation intended to show that the gift made was an absolute one to the brothers and sisters named; that the interest there given vested in the brothers and sisters at the death of the testator, and that one half of the trust fund should be divided equally among the estates of the six brothers and sisters. *Held, also,* that it was not necessary to appoint an administrator *de bonis non* with the will annexed of the estate of the testator, but that the distribution might be made by the trustee.

BILL IN EQUITY, filed in the Supreme Judicial Court on October 28, 1913, and afterwards amended, by the trustee under the will of Thomas M. Devens late of Boston for instructions.

The facts are stated in the opinion.

The case was reserved by *Crosby*, J., for determination by the full court.

The case was submitted on briefs.

*C. A. Snow*, for the administratrix *de bonis non* and others.

*A. D. Hill & L. Goldberg*, for Sally C. Pierce and Charles Heiser personally and as the executor of the will of Jane Heiser.

*J. H. Sherburne*, for the heirs at law of two of the sisters of the testator.

LORING, J. Thomas M. Devens by his last will bequeathed $30,000 in trust to pay the income to his sister, Helen Crocker, during her life and at her decease to pay said income in equal portions to the children of Helen during their respective lives; upon the decease of either of said children leaving issue, to pay to the issue one half of the principal of the trust fund; and in case either of the children should die without leaving issue, "the portion of the one so dying, shall revert and become part of the residue of my estate discharged of any and all trusts and to be disposed of as hereinafter provided." The disposition of the residue was in these words: "All the rest and residue of my property real, personal or mixed I give and bequeath to my brothers and sisters before mentioned and their heirs." There were six "brothers and sisters before mentioned," including Helen Crocker.

Helen Crocker died in 1906, leaving two daughters, Sally Crocker Pierce and Jane Heiser. Jane Heiser died December 6, 1912, without leaving issue. The plaintiff for many years has been and is now the trustee of this trust fund.

Thomas M. Devens died in 1892. The executor of his will filed his final account in 1898 and died in 1904. No known creditors' claims are outstanding against the Devens estate, and no administrator *de bonis non* with the will annexed has been appointed.

Why this bill for instructions was brought is not plain. In case either daughter of Helen Crocker died without leaving lawful issue the share of the trust principal of which she received the income during her life passed under. the residuary clause, and all interests in property covered by the residuary clause vested in the six brothers and sisters when Thomas M. Devens died. That they vested then is settled. It is enough to refer to *Trumbull* v. *Trumbull,* 149 Mass. 200, and *Cummings* v. *Stearns,* 161 Mass. 506. That Helen Crocker took her share of the remainder is settled. *Abbott* v. *Bradstreet,* 3 Allen, 587. *Dove* v. *Torr,* 128 Mass. 38. *Keniston* v. *Mayhew,* 169 Mass. 166. *Stone* v. *Bradlee,* 183 Mass. 165. *Smith* v. *Smith,* 186 Mass. 138. The conclusion reached in *Welch* v. *Brimmer,* 169 Mass. 204, depended upon the fact that the life tenant was the sole heir to whom the remainder was given.

Under the doctrine of *Minot* v. *Purrington,* 190 Mass. 336, it is not necessary under the circumstances to have an administrator *de bonis non* with the will annexed appointed for the estate of Thomas M. Devens to make the distribution of this half of the trust fund held by the plaintiff. But the plaintiff can make the distribution of this portion of the residue of his estate.

All the six brothers and sisters are dead, and there are now before the court an executor, or an administrator, or an administrator *de bonis non,* or an administrator *de bonis non* with the will annexed of each one of them; it is the duty of the trustee to pay one sixth of the half here in question to each of them.

It has been argued by counsel for the daughter of one of the sisters of Thomas M. Devens that the shares of the six brothers and sisters should be paid to their heirs and not to their executors or administrators. For this contention counsel rely on cases like *Clarke* v. *Cordis,* 4 Allen, 466, and *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 41. In those cases there was a gift to heirs of a fund made up in part of realty and in part of personalty, and it was held that in case of such gifts heirs take as

distinguished from next of kin. But these decisions have nothing to do with this case. There is no gift to heirs here. Here the gift is a gift to "my brothers and sisters before mentioned and their heirs." The words "and their heirs" are words of limitation used to show that the gift to the brothers and sisters was an absolute one. Gray, J., in *Kimball* v. *Story,* 108 Mass. 382, 384. *Wood* v. *Seaver,* 158 Mass. 411. *Bryson* v. *Holbrook,* 159 Mass. 280. This contention is altogether unfounded.

A decree must be entered directing the plaintiff to pay one sixth of one half of the trust fund to each of the following persons: John H. Sherburne, as he is administrator *de bonis non* of the estate of Martha L. Downes; Gertrude Morris, as she is administratrix *de bonis non* with the will annexed of the estate of Caroline D. Morris; Fannie D. Snow, as she is administratrix *de bonis non* with the will annexed of the estate of Frances P. Sherburne; Cornelia Devens, as she is administratrix of the estate of Henry Devens; James L. Little, as he is executor of the will of Richard Devens; and Sally Crocker Pierce, as she is administratrix of the estate of Helen Crocker. It is

*So ordered.*