BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* AGNES M. PFAFF BLACKWELL & others.

Middlesex. February 28, 1927. — June 29, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Unforeseen circumstances.

A testator by his will gave one third of his estate in trust to pay the net income to his son "until he arrives at the age of thirty-five years when said trust shall cease and said one third of my estate shall be conveyed in fee simple to said" son. There was a similar provision for a daughter as to a second third. The remaining third was placed in trust, income to be paid to the widow during her life and while unmarried, and after her death or remarriage to the son and daughter until the son reached the age of thirty-five years, when the principal should be divided equally between the son and daughter. It further was provided: "If either of

my aforesaid children should die while he or she is receiving any income from any of the foregoing trusts, then I give and devise his or her interest in such trust to the surviving child." There was nothing in the will to show that it occurred to the testator that his son or his daughter might die leaving a child or children before the son reached thirty-five years of age. Upon a petition in the Probate Court by the trustee for instructions after the death of the son under thirty-five years of age leaving a son, his sister and his mother surviving, it was *held*, that the language of the will was clear and that after the death of the testator's son the daughter succeeded to his interest to the exclusion of the son's son.

PETITION, filed on May 13, 1925, in the Probate Court for the county of Middlesex by the trustee under the will of Henry Pfaff, Jr., late of Lexington, for instructions.

Material facts are stated in the opinion. The case was reserved by *Leggat*, J., upon the pleadings and a stipulation as to facts for determination by this court.

The case was submitted on briefs.

*P. D. Turner*, for Gerard Henry Pfaff.

*J. Abbott*, for Agnes M. Pfaff Blackwell.

WAIT, J. This is a petition filed by a trustee, asking that it be instructed what disposition to make of the property held in trust under the third article of the will of Henry Pfaff, Jr. The judge of probate has reserved the case on the petition, answers, and stipulated facts, such decree to be made as justice and equity require.

The will was executed February 6, 1903. The testator then had a wife and two children — a daughter, slightly less than nine years old, and a son not quite six years of age. By article two of his will, he gave to Gerard Bement and his heirs forever one third of his estate in trust to pay over the net income to his wife for life or until her remarriage, and upon her death or remarriage then to pay said income to "my children Agnes M. Pfaff and Gerard Henry Pfaff, share and share alike, until the said Gerard Henry Pfaff arrives at the age of thirty-five years, when said trust shall cease and said one third of my estate shall be conveyed in fee simple to said Agnes M. Pfaff and Gerard Henry Pfaff, share and share alike." By article three he gave one third to Bement and his heirs forever in trust to pay the net income to his son "until he arrives at the age of thirty-five years when said

trust shall cease and said one third of my estate shall be conveyed in fee simple to said Gerard Henry Pfaff." By article four he gave one third to Bement in trust for the daughter in identical words except that forty instead of thirty-five was made the age for conveying in fee. By article five he provided: "If either of my aforesaid children should die while he or she is receiving any income from any of the foregoing trusts, then I give and devise his or her interest in such trust to the surviving child."

It appears from the record before us that Henry Pfaff, Jr., is dead; that his will was duly admitted to probate; that the petitioner, in 1922, was made trustee in place of Bement; that the widow, who has not remarried, and the daughter are living; that the son, Gerard Henry Pfaff, died March 8, 1925, while he was receiving income under the trust created by article three of the will and before he had arrived at thirty-five years of age, leaving a divorced wife and a minor son. Claims against the trustee are made by the surviving daughter and on behalf of the minor grandchild.

The will makes no mention of any beneficiary not named, of other possible children of the testator, or of issue of Agnes M. Pfaff or Gerard Henry Pfaff. It does not contemplate any events other than the death of the testator, his wife, his son, and his daughter named, the remarriage of his wife, the arrival of the son at thirty-five and the daughter at forty years of age, and the possible unwillingness of Bement to serve as trustee. There is nothing to show that it occurred to the testator that son or daughter might marry and die leaving children before Gerard Henry Pfaff reached thirty-five years of age. It makes no suggestion from which any wish or desire not expressed in its language can be inferred. Its language is clear and simple. The words of article five declare the explicit intent that if Agnes M. Pfaff or Gerard Henry Pfaff should die while either "is receiving any income from any of the foregoing trusts" of the will, then "his or her interest in such trust" shall go to the survivor.

No difficulty arises in applying the language to the third and fourth articles; the difficulty comes in accepting the result. Can the testator have intended that if son or daughter died

before being entitled to possession of the principal of the third given by the will, that principal should pass to the survivor, and away from any children the deceased son or daughter might have had? It is not for us to answer. We cannot make for him a different will. *Crowell* v. *Chapman,* 257 Mass. 492. *Temple* v. *Russell,* 251 Mass. 231, 235, 236. We do not know that he did not deliberately leave the outcome to the events of the future, rather than attempt to foresee and provide specifically for the possible contingencies. We cannot disregard the explicit language of the fifth article. Whether a different result follows in applying the words to the second article is not before us, *Old Colony Trust Co.* v. *Treasurer & Receiver General,* 243 Mass. 543, and cases cited, and we express no opinion in regard thereto.

The trustee is instructed that the estate given to Gerard Henry Pfaff by the third article of the will of Henry Pfaff, Jr., has become the property of Agnes M. Pfaff Blackwell; that any income therefrom which has accumulated in its hands should forthwith be paid to her; and that, until the time that the principal is to be paid over in July, 1932, it should make payment of income to her or to her assigns as provided by the will.

Costs, including costs as between solicitor and client, payable from the fund may be awarded in the discretion of the Probate Court. Let decree be made in accord herewith.

*So ordered.*