ADALENA NICKERSON & others *vs.* KATHARINE HARDING.

Barnstable.     March 4, 1929. — May 28, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Devise and Legacy*, By implication, Contingent interest.     *Deed*, Construction.     *Entry, Writ of.     Widow.*

The demandant in a writ of entry must recover, if at all, on the strength of his own title.

A devise cannot be implied by conjecture.

A woman owning certain real estate died in 1897, testate, leaving surviving her her husband, a son, and a brother.   By her will she gave the real estate, after the death of her husband, "to the children of my said husband," and, should he leave no children alive at his death, to her brother.   The husband had but one child, who also was the son of the testatrix.   He by deed acquired the life estate of the husband, and in 1909 a quitclaim deed from the brother of all his right, title, and interest in the premises, the deed reciting "meaning and intending hereby to release and quit-claim unto the said grantee all of my contingent interest in said premises which is given to me in and by the will of my said sister."   The brother died in 1910.   The son died in 1918, intestate and without issue, but leaving surviving him a widow; the value of the son's entire estate was $3,500.   The husband died in 1927.   Persons who at the same time were next of kin of the testatrix and heirs at law and next of kin of the brother by writ of entry sought possession of the land from the widow of the son.   Judgment was ordered for the tenant.   The demandants appealed.   *Held*, that

(1) No intention was disclosed by the will either by specific language or by its general tenor to devise a future interest, in the circumstances which happened, to the nearest kin of the testatrix living at the death of her husband;

(2) By reason of the alternative limitations in the will, the entire future interest was disposed of in any event which might happen;

(3) At the time of the death of the testatrix, her brother took under the will a contingent future interest which was transmissible and assignable subject to the possibility of being extinguished by the death of the husband leaving a child or children;

(4) The brother's deed to the son included such interest and left nothing for the demandants to inherit;

(5) The demandants received no interest on the death of the son, since under the statute then in force his entire estate in the circumstances went to the tenant;

(6) Judgment properly was ordered for the tenant.

WRIT OF ENTRY in the Land Court respecting land on Main Street in Chatham, dated November 8, 1927.

In the Land Court, the case was heard by *Davis,* J. Material facts found by him are stated in the opinion. He stated his decision as follows: "Without any detailed consideration here as to whether the devise to the son [Alfred C. Harding] constituted a contingent or vested remainder, or as to the exact technical nature of the devise to [Alfred A.] Eldredge, I rule that under the will [of Mary D. Harding] Eldredge took an estate vested in interest though not in possession which he could, and did, convey to Alfred C. Harding. It is unnecessary to consider the exact nature of the tenant's title. The demandants can prevail only on the strength of their own. I fail to find title in them. Judgment for the tenant." The demandants appealed.

The case was submitted on briefs.

*C. Bassett,* for the demandants.

*G. F. James & N. W. Haines,* for the tenant.

FIELD, J. This is a writ of entry. The demanded premises are in Chatham. Title thereto was in Mary D. Harding at the time of her death. The persons who are her nearest kin now living, who also are the heirs at law of her brother, Alfred A. Eldredge, are the demandants. The tenant is the widow of Alfred C. Harding, son of said Mary D. Harding. The case was heard by a judge of the Land Court upon agreed facts. There was a judgment for the tenant and the demandants appealed.

Mary D. Harding died in 1897 leaving surviving her a husband, Joseph C. Harding, and one child, Alfred C. Harding. She left a will which was duly probated. It was executed in 1885 in anticipation of the birth of a child. The child, said Alfred C. Harding, was born. By the second clause of the will the testatrix devised all her real estate to

her husband for his life. The third clause was as follows: "After the death of my said husband I give and bequeath all my said real estate and real property to the children of my said husband, Joseph C. Harding, and should the said Joseph C. Harding leave no children alive at his death, I bequeath and devise all the real estate and property aforesaid to my brother, Alfred A. Eldredge, of said Chatham." Joseph C. Harding had no children other than Alfred C. Harding. Alfred A. Eldredge died in 1910. Alfred C. Harding died in 1918 intestate and without issue, leaving surviving him a widow. The value of the whole of his property was determined by proceedings in the Probate Court to be $3,500. Joseph C. Harding died in 1927.

In September, 1909, Alfred C. Harding acquired the life estate of his father and in December, 1909, obtained a quitclaim deed from his uncle, Alfred A. Eldredge, of all his right, title and interest in the demanded premises. This deed, after the description, recited "meaning and intending hereby to release and quit-claim unto the said grantee all of my contingent interest in said premises which is given to me in and by the will of my said sister, Mary D. Harding."

The demandants must recover, if at all, on the strength of their own title. *Butrick* v. *Tilton,* 141 Mass. 93. The facts in this case do not show that they are entitled to any estate in the demanded premises or that they have a right of entry therein. See G. L. c. 237, § 4.

There was no devise to the demandants in terms. Nor did they take any future interest after the life estate of Joseph C. Harding, now deceased, in the demanded premises as undevised property of his wife, the testatrix. Even if this future interest had been undevised it would not have passed to them for they were not the heirs at law of the testatrix at the time of her death. Pub. Sts. c. 125, § 1. See *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65, 71.

The demandants contend, however, that a devise of the future interest to them should be implied on the ground that the will discloses an intention on the part of the testatrix to devise this future interest to her nearest kin living at the

death of her husband, and that as her son and her brother died before that time the demandants as her next of kin at that time are her intended beneficiaries. No such intention, carried beyond an intention to devise to her son or to her brother, is disclosed by the will either by specific language or by its general tenor. On the contrary, a child of the husband of the testatrix by a second marriage living at his death, though not related to the testatrix, would have taken the future interest ahead of the brother of the testatrix and even shared therein with the son of the testatrix if he had survived his father. Even if the future interest was not disposed of otherwise, an implication in favor of the demandants would have no basis firmer than very doubtful conjecture. A devise cannot be implied by conjecture. *Springfield Safe Deposit & Trust Co.* v. *Dwelly, supra,* pages 70, 71, and cases cited. *Shea* v. *Maitland,* 237 Mass. 221. *Frye* v. *Saunders,* 248 Mass. 285. *Boston Safe Deposit & Trust Co.* v. *Blackwell,* 260 Mass. 285. This is not a case in which, as in *Sanger* v. *Bourke,* 209 Mass. 481, and cases cited therein, there is a basis for implying a gift not made in specific terms from the language of the will as a whole. Furthermore, the argument that a devise should be implied to avoid a partial intestacy (see *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 412) is of no avail here for the future interest in question passed by the will without any such implied devise.

By reason of the alternative limitations (a) to the children of Joseph C. Harding, husband of the testatrix, and (b) to Alfred A. Eldredge, brother of the testatrix "should the said Joseph C. Harding leave no children alive at his death," the entire future interest was disposed of in any event which might happen. Whether Joseph C. Harding left "children alive at his death" determined merely whether the future interest passed to such children or to Alfred A. Eldredge. There was no third possibility. The devise to Alfred A. Eldredge was not contingent upon his survival of Joseph C. Harding. See *Minot* v. *Tappan,* 122 Mass. 535; *Cummings* v. *Stearns,* 161 Mass. 506; *State Street Trust Co.* v. *Morris,* 218 Mass. 429; *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 472. It was contingent only on the death of

Joseph C. Harding leaving no children. At the time of the death of the testatrix, therefore, Alfred A. Eldredge had a contingent future interest, however technically described, in the demanded premises which was "vested" in said Alfred A. Eldredge in the sense of being transmissible, devisable and assignable, subject to the possibility of being extinguished by the death of Joseph C. Harding leaving a child or children. *Dunn* v. *Sargent,* 101 Mass. 336. *Minot* v. *Tappan, supra. Cummings* v. *Stearns, supra. Boston Safe Deposit & Trust Co.* v. *Stratton, supra.* Pub. Sts. 126, § 2 (now G. L. c. 184, § 2). See *Clarke* v. *Fay,* 205 Mass. 228, and cases cited.

Although the demandants are the heirs at law of Alfred A. Eldredge, they inherited from him no interest in the demanded premises. During his lifetime he had conveyed his contingent future interest therein to Alfred C. Harding, the son of the testatrix, who already had acquired by assignment his father's life estate. This assignable future interest was included clearly within the terms of the conveyance. See *Taft* v. *Decker,* 182 Mass. 106, 107. Nor did the demandants take any interest in the demanded premises from Alfred C. Harding. On his death, upon the facts of this case and the law in force at the time, his widow, the tenant, subject to the rights of creditors, became entitled to his entire estate including his interests, present and future, in the demanded premises. R. L. c. 140, § 3, Third, as amended by St. 1905, c. 256 and St. 1917, c. 303, § 1. When, thereafter, Joseph C. Harding died leaving no children, the possibility that this future interest might be extinguished ceased.

There are no facts in this case which show any title in the demandants by possession either as against the world or as against this tenant. See *Perry* v. *Weeks,* 137 Mass. 584, 587.

It follows that the judgment for the tenant must be

*Affirmed.*