CLIFFORD A. COOK, administrator, *vs.* HENRY J. HAYWARD
& others.

Worcester.    October 5, 1898. — November 22, 1898.

Present: FIELD, C. J., KNOWLTON, MORTON, BARKER, & HAMMOND, JJ.

*Will — Vested Remainder.*

A testator gave by will two hundred dollars each to his sons H. and W., and to his
wife all the remainder of his personal estate, with the real estate occupied as a
homestead. He then gave her a life estate in the remainder of his real estate,
providing as follows: "Furthermore, at the decease of my said wife I hereby
give . . . to my son W. the sum of five thousand dollars to be paid to him at
the decease of my said wife." He then provided that, after the decease of his
wife and the payment of the five thousand dollars to W. "out of my estate, in
the which the life estate is given to my said wife, I hereby give . . . the use
. . . of what shall then remain thereof in equal shares" to H. and W. during
life and at the decease of H. one half in fee to his heirs and after the decease of
W. "the other undivided half part to his heirs." The wife and two sons sur-
vived the testator, and W. died before the wife. *Held,* on the death of the
wife, that the legacy of five thousand dollars vested on the death of the testator,
and that the administrator with the will annexed was to sell so much of the real
estate as might be necessary to produce this sum, with interest from the decease
of the widow, and pay the same to the administrator of the estate of W.

PETITION to the Probate Court, by the administrator *de bonis
non* with the will annexed of Bainbridge Hayward, for instruc-
tions as to the construction of the will. The judge entered a
decree that the legacy of five thousand dollars given to William
B. Hayward after the decease of the testator's widow vested at
the decease of the testator; and Henry J. Hayward and others
appealed to this court. Hearing before *Allen,* J., who reserved
the case for the determination of the full court. The facts
appear in the opinion.

*F. B. Smith,* for Henry J. Hayward.

*C. M. Rice,* for the administrator of the estate of William B.
Hayward.

KNOWLTON, J.    The testator, Bainbridge Hayward, by his
will gave legacies of $200 each to his sons Henry J. Hay-
ward and William B. Hayward, and gave to his wife Martha
Hayward all the remainder of his personal estate, with the real
estate which he occupied as a homestead. He then gave her a

life estate in all the remainder of his real estate. His will then proceeds as follows : " Furthermore, at the decease of my said wife, I hereby give, devise, and bequeath to my son William B. Hayward the sum of five thousand dollars to be paid to him at the decease of my said wife out of the estate of which I have given the life estate to my said wife Martha Hayward. Furthermore, after the decease of my said wife Martha Hayward and after the payment of said five thousand dollars to my son William B. Hayward, out of my estate, in the which the life estate is given to my said wife, I hereby give, devise, and bequeath the use, occupation, and improvement of what shall then remain thereof in equal shares to my said children, Henry J. Hayward and William B. Hayward, for and during their lifetime, and at the decease of my son Henry J. Hayward, one half in fee to his heirs, and after the decease of my son William B. Hayward the other undivided half part to his heirs." His wife and two sons survived him, and his son William B. Hayward died before his wife Martha Hayward, who has since deceased. The only question in the case is whether the legacy of $5,000 payable to William B. Hayward after the decease of Martha Hayward lapsed, or whether it goes to William B. Hayward's representatives.

We think it pretty plain that it vested on the death of the testator, although the payment of it was postponed until after the decease of the testator's widow. It seems to be the ordinary case of a gift of a remainder after a life estate, and it should be held to have vested at the death of the testator unless he plainly indicated an intention that it should not vest until the happening of the later event on which it was to become payable. *Wardwell* v. *Hale,* 161 Mass. 396, 399. *Eldridge* v. *Eldridge,* 9 Cush. 516. *Shattuck* v. *Stedman,* 2 Pick. 467. *Peck* v. *Carlton,* 154 Mass. 231. *Whall* v. *Converse,* 146 Mass. 345. *Cummings* v. *Cummings,* 146 Mass. 501. *Loring* v. *Carnes,* 148 Mass. 223, 225. The grounds on which it is argued that the legacy of $5,000 could not vest until after the death of the widow would furnish a foundation for an argument no less strong that the gift of the residue to Henry J. Hayward and William B. Hayward could not take effect because of the death of William B. Hayward before the decease of his mother, which made it impossible to pay him the legacy of $5,000, without the payment of which

the residuary clause could not take effect.    Evidently the testator never contemplated such a result.

By the terms of the will the legacy is made payable at the decease of Martha Hayward, and the representatives of the lega‑ tee are entitled to interest upon it from that time.    Inasmuch as the payment is to be made from the proceeds of the real estate, it is the duty of the administrator *de bonis non* with the will annexed, to sell so much of the real estate as may be ne‑ cessary to produce this sum with interest, and to make pay‑ ment thereof to the administrator of the estate of William B. Hayward.

*Decree of Probate Court affirmed.*