HENRY F. BUSWELL, administrator, *vs.* MAYNARD NEWCOMB & others. .

Norfolk.　December 3, 1902. — February 27, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Devise and Legacy*, Construction. *Executor.*

A testator left to his widow the income of his estate during her life and made various bequests of the residue upon her death, one of which was in substance "To H. I give the sum of $6,000, which I wish to be invested in United States four per cent bonds, any premium to be paid from the general fund. But if on the administration of my estate the said H. be deceased, leaving no issue, then this article of my will is to be inoperative and void." H. survived the testator and died before the testator's widow, leaving issue who survived the widow. *Held*, that H. took a vested estate expectant on the termination of the life of the widow and subject to be divested only on the death of H. without issue during the life of the widow.

Where on a bill by an executor for instructions, it appears, that a person entitled under the will to a vested interest has long since died and his estate has been settled, the plaintiff may be directed to transfer the property to the issue of the legatee, who now are entitled to it, without the intervention of an administrator of the estate of the legatee.

BILL IN EQUITY, filed October 2, 1901, by the administrator *de bonis non* with the will annexed of the estate of Albert M. Chase, late of Canton, for instructions as to the construction of that will.

The case came on to be heard before *Hammond*, J., who reported it, upon the bill and answers and the facts agreed by the parties, for determination by the full court. The facts agreed were as follows:

Albert M. Chase died on February 19, 1883. He left a widow, Mary P. Chase, who died July 5, 1901, and who during her life was supported by the income of the estate of her husband. Harriet E. Noyes, mentioned in the will, was not of the blood or kindred of the testator nor related to him by adoption, but from her early childhood had lived in the testator's family, and continued to do so up to the time of his death. She was married to Maynard Newcomb October 14, 1886, and the issue of that marriage were William M. Newcomb, born August 19, 1887, and Ethel C. Newcomb, born November 14, 1888, both of whom were living, Maynard Newcomb being their guardian. Harriet E. (Noyes) Newcomb died on August 8, 1892. The estate in the hands of the plaintiff was sufficient to enable him to make the purchase of bonds mentioned in the third article of the fourth paragraph of the will.

The will was dated August 31, 1882, and was proved on March 28, 1883. It contained the following provisions:

" First. To my nephew, Loring A. Chase, I give my gold watch and chain; but if on the administration of my estate the said Loring A. be deceased, then this article of my will is to be inoperative and void.

" Second. I give and bequeath to my beloved wife, Mary P. Chase, all my household furniture, wearing apparel, books and all other articles of personal property about my house to be disposed of by her, by will or otherwise, as she may deem advisable, and I give the use, improvement and income of all the rest

and residue of my estate, both real and personal, of every name and nature, during her life ; and in case the income should not prove sufficient for her support and the support of the person hereinafter named, then such a portion of the property as will be necessary for that purpose may be disposed of.

" Third. It is my will that Harriet Elizabeth Noyes, who has been a member of the family from early childhood, shall continue to receive the same support from the income of the property that she has hitherto received, so long as she may remain a member of the family. But if my said wife shall not survive me, or we shall both decease at the same° time, then the second and third articles [paragraphs] aforesaid are to be inoperative and void.

" Fourth. Upon the decease of my said wife, I give, devise and bequeath the remainder or reversion of my estate as follows, to wit : "

Then followed fourteen subdivisions or articles, consecutively numbered, of which the third was as follows :

" Third. To the aforesaid Harriet E. Noyes, I give the sum of six thousand dollars, which I wish invested in United States four per cent bonds at par value, (premium, if any, to be paid as above, [from the general fund]) to be registered in her own name, the interest to be used for her own benefit, without any regard to any husband she may have, until they are payable in the year 1907. But if on the administration of my estate the said Harriet E. Noyes be deceased, leaving no issue, then this article of my will is to be inoperative and void."

*F. S. Hall*, for Maynard Newcomb, guardian.

*O. A. Marden*, for John B. Robinson and others, next of kin of Albert M. Chase.

LATHROP, J. The question presented for our consideration is whether the legacy given by the testator to Harriet E. Noyes lapsed by her death before that of his widow, or whether Harriet took a vested estate expectant on the termination of the life of the widow, and liable to be divested only on the death of Harriet without issue during the life of the widow. We are of opinion that the latter construction is the better one. The words used are those of absolute gift.

The view which we have taken is in accordance with the

authorities. *Blanchard* v. *Blanchard*, 1 Allen, 223. *Weston* v. *Weston*, 125 Mass. 268. *Cook* v. *Hayward*, 172 Mass. 195.

Ordinarily the bonds in question would pass to the administrator of Harriet's estate. *Fay* v. *Sylvester*, 2 Gray, 171. But as she died many years ago, we assume that her estate has been settled, and her debts paid. If this is so, the plaintiff is directed to purchase the bonds and to have them registered in the names of her children, one half to each.

*So ordered.*