WILLIAM J. O'BRIEN, JR., trustee, *vs.* GEORGIANNA K. LEWIS & others.

Suffolk.    March 17, 1911. — April 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Trust,* Construction. *Devise and Legacy. Equitable Conversion. Executor and Administrator.*

A testator by his will gave to a trustee a certain parcel of real estate and a certain sum of money in trust to pay the income thereof to a nephew during his life and after his death to the nephew's daughter, naming her, for her life "and to her children in fee simple, if she leaves issue, but if she dies without issue, at her decease, said real estate" and money "shall go to my heirs at law, discharged of all trusts." No conversion of the real estate into personal property was ordered in the will. The nephew's daughter died first after the testator, leaving a husband and a son. The son then died, and then the testator's nephew. *Held,* that the testator intended the property, upon the termination of the two life estates, to go absolutely to the children of the nephew's daughter, if she had any, and that it was only upon her death without issue then living that the alternative limitation to the testator's heirs was to take effect, and therefore that upon her death the entire beneficial interest in remainder vested absolutely in her son, and upon his death it passed to his father.

A testator by his will gave to one S. certain real estate and a certain sum of money in trust to pay the income to the testator's nephew Z. during his life and then to a designated daughter of the nephew and after her death to her children in fee if she should leave issue, but if she should die without issue, then to the testator's heirs at law, discharged of all trusts. There was no other trust provision in the will. By a codicil the testator divided the residue of his estate into three equal parts and as to one part gave this direction: "to my nephew Z. one part — subject to the same trusteeship and conditions as stated in my will." *Held,* that the effect of the quoted language in the codicil was to incorporate into the direction as to the residuary estate in the codicil the limitations of successive equitable estates set out explicitly in the will.

A testator by his will gave real estate and personal property in trust to pay the income thereof to a nephew during his life and after his death to the nephew's daughter, naming her, for her life "and to her children in fee simple, if she leaves issue, but if she dies without issue, at her decease, said real estate" and money

"shall go to my heirs at law, discharged of all trusts." No conversion of the real estate into personal property was ordered in the will. The nephew's daughter died first after the testator, leaving a husband, and a son who died when less than seven years old leaving his father surviving him. The trustee turned all the real estate into money and invested it, partly in other real estate and partly in personal property. The testator's nephew then died, and, an administrator of the estate of the son of the nephew's daughter having been appointed, the trustee sought instructions as to the final disposition of the trust fund. It having been held, that on the death of the nephew's daughter an absolute interest in remainder in the trust fund became vested in her son, it further was *held* that, a conversion of the real estate into personalty not having been ordered by the testator, each kind of property in the trust fund should be treated as retaining its original character until it should come into the hands of one entitled to treat it as his own absolutely and for all purposes; and therefore that such of the trust fund as represented proceeds of what at the death of the testator was real estate should be transferred to the husband of the nephew's daughter absolutely, and such of it as was the proceeds of personal property should be transferred to the administrator of her son's estate. It however *was intimated* that, since the husband was at the same time the heir at law and the sole next of kin of the son, and the son had died at so tender an age, the whole fund might safely have been paid to the husband had no administration been taken upon the son's estate.

Bill in Equity, filed in the Supreme Judicial Court on May 6, 1910, and subsequently amended, by the trustee under the will of Joseph Zane, late of Boston, for instructions.

Among the provisions of the will were the following:

" I give devise and bequeath to John Grace Suman, of Baltimore, Md., my real estate corner of Baltimore and Carey Streets, in said Baltimore, containing about fifteen hundred square feet of land and the buildings thereon, and the sum of twenty thousand dollars, *in trust* nevertheless, for the uses and purposes following to Wit, the annual income of said real estate and of said twenty thousand dollars shall be paid by said trustee, quarterly, to my nephew, Joseph Zane of said Baltimore, for the full term of his natural life, and after his decease, the remainder of said real estate and said twenty thousand dollars shall go to Sarah Clarinda Zane, daughter of said Joseph Zane, (my grand niece) during the term of her natural life and to her children in fee simple, if she leaves issue, but if she dies without issue, at her decease, said real estate and said twenty thousand dollars shall go to my heirs at law, discharged of all trusts."

In a codicil was the following:

" All the residue of my estate, real, personal and mixed, wheresoever it may be found, and of whatsoever it may consist, I desire it to be divided into three equal parts, and disposed of as follows:

"To my nephew Joseph Zane one part — subject to the same trusteeship and conditions as stated in my will of March 31st 1896.

"To my niece Ellen Amelia Zane Clairage one part.

"To my niece Georgeanna Kelly, one part."

The trustee named in the will declined to serve and the plaintiff was appointed in his stead. The testator died on February 14, 1902. Sarah Clarinda Zane married one Pinckney T. Payne and died on September 20, 1905, leaving surviving her one child, Pinckney T. Payne, Jr. Pinckney T. Payne, Jr., died on December 24, 1908, at the age of six years, three months and eleven days. Joseph Zane, mentioned in the will and codicil, died on March 21, 1909.

The bill alleged that the plaintiff was "prepared to pay over the trust property in his hands to whomsoever shall be found to be entitled thereto, but that he had been requested, both by Pinckney T. Payne and also by the other defendants, heirs at law of the testator, to pay the property over to them, respectively"; and he sought instructions regarding whom the trust fund was payable to under the circumstances.

Other facts are stated in the opinion. The case was heard by *Hammond*, J., upon an agreed statement of certain facts and an offer of proof as to the determination of the same questions by the courts of Maryland, as stated in the opinion. The justice found the facts set out in the offer of proof to be true, but reserved for the full court all questions of the materiality and admissibility of the same; and reserved the case for determination by the full court on the pleadings, the agreement as to certain facts, and the facts set forth in the offer of proof, so far as they, or any of them, might be found by the full court to be material and admissible.

*J. C. Pelletier*, for the trustee, stated the case.

*G. W. Reed*, (*J. S. Richardson* with him,) for Georgianna K. Lewis and others, heirs at law of the testator.

*G. R. Nutter*, (*W. H. Taylor & J. J. Kaplan* with him,) for Walter H. Taylor, administrator of the estate of Pinckney T. Payne, Jr.

*A. T. Wright*, for Pinckney T. Payne, submitted a brief.

SHELDON, J. The beneficial enjoyment of the real estate and

the money which were given by the will to John Grace Suman in trust was to be in Joseph Zane for life and then in his daughter Sarah for her life, with remainder in fee to her children if she should leave issue, but if she should die without issue, then to the testator's heirs at law, discharged of all trusts. If it is apparent from the language used by the testator what interest he intended to give to the children of Sarah Zane, and if his intent can be carried out consistently with the rules of law, we ought so to construe his language as to give effect to that intent. *Heard* v. *Read*, 169 Mass. 216. *McCurdy* v. *McCallum*, 186 Mass. 464. *Crapo* v. *Price*, 190 Mass. 317, 319, 320. *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196 Mass. 35, 38. *Jewett* v. *Jewett*, 200 Mass. 310, 317. *Ware* v. *Minot*, 202 Mass. 512, 516. *Robison* v. *Female Orphan Asylum of Portland*, 123 U. S. 702. Looking at the language of the will, it is plain that he intended the property, upon the termination of the two life estates, to go absolutely to Sarah Zane's children if she had any, and that it was only upon her death without issue then living that the alternative limitation to his own heirs was to take effect. Sarah's death during the lifetime of Joseph would simply advance the period of enjoyment of her children if she should leave any, or of the testator's heirs if she should fail to do so. This intention is not repugnant to any rule of law; a similar intent expressed by other testators often has been carried out by the courts. *Jacobs* v. *Whitney*, 205 Mass. 477. *Cook* v. *Hayward*, 172 Mass. 195. *Marsh* v. *Hoyt*, 161 Mass. 459. *Kimball* v. *Tilton*, 118 Mass. 311. *Moore* v. *Matthews*, 4 Rob. (N. J.) 373. Her son Pinckney was living at the death of his mother, and then at any rate he took an absolute interest in remainder. *Comerbach* v. *Perryn*, 3 T. R. 484. *Van Giesen* v. *White*, 8 Dick. 1. *Robison* v. *Female Orphan Asylum of Portland*, 123 U. S. 702. The nature and extent of his interest before that time need not be considered.

The bequest by the codicil to Joseph Zane of one third part of the residue of the estate was made "subject to the same trusteeship and conditions" as had been stated in the will. This language can refer to nothing but the limitations and provisions stated in the bequest to Suman in trust. Its effect is to incorporate into the residuary bequest the limitations of successive

equitable life estates to Joseph and Sarah Zane, with an absolute remainder to her children if she should leave any, and otherwise to the testator's heirs. This is the plain meaning of the words used, and is supported by many decisions in which language more or less similar was passed upon. *Osborne* v. *Varney*, 7 Met. 301, 303. *Pendleton* v. *Larrabee*, 62 Conn. 393. *Baker* v. *Lorillard*, 4 N. Y. 257. *Longdon* v. *Simson*, 12 Ves. 295. *Ross* v. *Ross*, 2 Coll. Ch. 269. *Davies* v. *Hopkins*, 2 Beav. 276. *Ord* v. *Ord*, L. R. 2 Eq. 393. *Sweeting* v. *Prideaux*, 2 Ch. D. 413. *Smith* v. *Greenhill*, 14 Weekly Rep. 912. *Ashburnham* v. *Ashburnham*, 13 Jur. 1111.

We have carefully considered the strong argument that was addressed to us in behalf of the testator's heirs at law, and have examined all the authorities to which we have been referred; but we can reach no other conclusion than that which has been stated. We are confirmed therein by the fact that the same view has been taken of the rights of the parties under this will and codicil by the highest court of Maryland in a very clear and able opinion. *Lewis* v. *Payne*, 113 Md. 127. All the parties now before us except the administrator in this Commonwealth of the estate of Pinckney T. Payne, Jr., were before the court; the same claims were made and determined there as here; and the same conclusion was arrived at that we have reached. We have not needed therefore to determine whether that decision was binding here upon these parties. It is at least true that even if the questions raised had seemed to us to be doubtful, as has not been the case, we ought not without strong reasons to have differed from it. *Rackemann* v. *Wood*, 203 Mass. 501.

The right to this trust fund became vested in Pinckney T. Payne, Jr. He has died, leaving his father his sole heir and next of kin. It may be that if no administration had been taken upon the son's estate, especially as he died at so tender an age, the whole fund safely could have been paid to his father. *Buswell* v. *Newcomb*, 183 Mass. 111. *Minot* v. *Purrington*, 190 Mass. 336. See also *Moore* v. *Monroe County*, 59 Ind. 516; *Hargroves*, v. *Thompson*, 31 Miss. 211. But as the facts now are the father is entitled absolutely to the real estate and the administrator of the son's estate to the personal property. It appears

that the testator had merely a leasehold interest in the land specifically bequeathed by the will, and that, though erroneously called real estate in the will, it was really personal property. *O'Brien* v. *Clark*, 104 Md. 30. Some real estate however passed to the trustee under the residuary bequest, and this has been turned into money and invested partly in real and partly in personal property. Under these circumstances, a conversion not having been ordered by the testator, each kind of property in the trust fund should be treated as retaining its original character until it shall have come into the hands of one who is entitled to treat it as his own absolutely and for all purposes. *Gray* v. *Whittemore*, 192 Mass. 367, 384, and cases cited. The part of the trust fund as it now exists which consists of the proceeds of real estate should be transferred to Pinckney T. Payne in fee simple, and that part which is the proceeds of personal property should be paid to the administrator of the estate of Pinckney T. Payne, Jr. The trustee must be instructed accordingly.

*So ordered.*