SPRINGFIELD SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
EDWARD J. DWELLY & others.
SAME *vs.* SAME.

Hampden.    September 22, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Devise and Legacy.*

In interpreting a will, although the court can give effect to any intention of the testator that is shown by the words of the will, however informal they may

be, such an intention cannot be inferred from mere silence, and still less can such an inference be founded upon a bare conjecture as to what the testator would have said if he had foreseen the events that have happened since his death.

A testator by his will left a certain fund to his wife in trust, with a provision that she should allow his son to have so much of the income and also so much of the principal as she should deem best from time to time, and that she might at any time, according to her own judgment and discretion, pay to him any part or the whole of the trust fund. He provided that his wife might by her will appoint a trustee to hold the fund for his son "with the same power and authority" which he had given to her, and that, if she made no such appointment, the trust should end at her death and the trust fund should pass to his "said son in fee simple." The testator further provided that, if his son should die leaving a widow, the trust fund should be divided into two equal shares, of which one share should be given to the widow and the other share should be given half to his son's surviving child or children, if any, and half to the surviving child or children, if any, of the testator's daughter, or, if either his son or his daughter died childless, then the whole of this half share was to be given to the testator's other grandchildren. The will contained no provision as to what should be done if the testator's son died leaving no widow. At the time of the making of the will and at the time of the testator's death the son had a wife and a child. The testator's wife survived him and died before the son, appointing by her will a new trustee for the son under the provision of her husband's will. The son died, leaving no widow and survived by his child. *Held*, that the will gave the son only an equitable life estate, unless his mother or her successor should choose to pay the whole of the fund to him, which she or her successor did not do, or unless she failed to appoint a new trustee by her will, which she did not fail to do, and that the testator had omitted to dispose of the trust fund in the event, which had happened, of his son dying leaving no widow, so that the fund must· be treated as intestate property and descended and should be distributed to the persons entitled to such property under the statutes in force at the time of the testator's death.

Two BILLS IN EQUITY, filed in the Probate Court for the County of Hampden, on June 5, 1912, respectively by the Springfield Safe Deposit and Trust Company as trustee under the will of Aaron S. Dwelly and by the same corporation as trustee under the will of Albert H. Dwelly, both for instructions as to the distribution to be made of a trust fund created by the sixth article of the will of Aaron S. Dwelly.

In the Probate Court decrees were made in both cases by *Long,* J., from which appeals were taken.

The appeals came on to be heard by *Braley,* J., and at the request of the parties were reserved by him upon the pleadings and an agreed statement of facts for determination by the full court.

The sixth article of the will of Aaron S. Dwelly, which is described in the opinion, was in full as follows:

"Sixth: I give, grant and devise forty (40) per cent. of the value of said rest and residue of my estate to my said wife in trust for the following purposes, namely: to allow my son, Albert H. Dwelly, to have so much of the use, income and improvement thereof and also so much of the principal sum thereof as she shall from time to time deem best; should she, at any time, think it for the best interests of said Albert, she may pay over and transfer to him a part or the whole of this trust fund, as I confide this entirely to her judgment and discretion. And I further request and direct that she shall not be required to furnish surety or sureties to her bonds as such trustee.

"And I do also hereby authorize and empower my said wife to appoint by will a trustee to hold said property in trust for the said Albert H., with the same power and authority hereinbefore given, in the event of her death, if she deems it advisable to do so. In case she shall make no such appointment, I desire this trust to terminate at her death and the trust fund to pass to my said son in fee simple.

"In case of the death of my said son, leaving a widow, before the termination of said trust, I direct that whatever of said trust fund that may remain in the hands of the trustee shall be divided into two equal parts or shares, one of which shares shall be given to his widow; and in case he shall have left any surviving child or children, one-half of the remaining share shall be given to such surviving child or children and the other half of said remaining share to my other grandchild or grandchildren, being the child or children of my daughter hereinafter named.

"In case either my son or my daughter shall die childless, I desire that the share I have hereinbefore given to the child or children of the one so dying shall be given to my other grandchild or grandchildren."

The will was dated May 5, 1876. The testator died on May 21, 1877. At both of those dates there were living the testator's wife, Hannah M. Dwelly, the testator's son, Albert H. Dwelly, such son's wife, Abbie H. Dwelly, and their child, Edward J. Dwelly, also the testator's daughter, Ellen D. Raymond, who was the wife of Charles E. Raymond, and their two children, Grace Raymond, afterward Grace Raymond Henshaw, and Ethel M. Raymond, afterward Ethel M. Dyer, the wife of H. Choteau Dyer.

Albert H. Dwelly died on September 18, 1911, leaving no widow surviving him, but survived by his son, Edward J. Dwelly. Ellen D. Raymond died testate on December 1, 1903. Grace Raymond Henshaw died intestate on February 9, 1897, survived by a husband and a son. Ethel M. Dyer died testate on October 22, 1910, survived by her husband and five children. Other facts are stated in the opinion.

The cases were submitted on briefs.

*J. Barnes,* for the defendant Edward J. Dwelly and the executor of the will of Albert H. Dwelly.

*F. H. Stebbins,* guardian *ad litem* of Grace Dyer and others.

*C. H. Beckwith,* guardian *ad litem* of Raymond H. Greenman.

*C. H. Barrows,* for the executors of the will of Hannah M. Dwelly.

SHELDON, J. By the sixth article of his will, Aaron S. Dwelly created a trust fund and appointed his wife Hannah M. Dwelly to be the trustee thereof. He provided that she should allow his son Albert H. Dwelly to have so much of the income and also so much of the principal as she should from time to time deem best, and that she might at any time, according to her own judgment and discretion, pay to him any part or the whole of the trust fund. He provided further that his wife might by her will appoint a trustee to hold the fund "for the said Albert H., with the same power and authority" which he had given to her, and that if she made no such appointment the trust should end at her death and the trust fund pass to "my [his] said son in fee simple."

We think it plain that the effect of these limitations was to give to Albert Dwelly an equitable life estate in the fund, but with the provision for his benefit that the trust should come to an end and the fund become his absolute property if the trustee should choose to pay the whole fund to him, or if the first trustee, the testator's widow, should not by her will appoint a new trustee to succeed herself. But the testator then added further limitations. He provided that if his son Albert should die leaving a widow the trust fund should be divided into two equal shares, of which one share should be given to such widow, and the other share should be given, half to Albert's surviving child or children, if any, and half to the surviving child or children, if any, of Mrs. Raymond, a daughter of the testator; or if either his son or his

daughter died childless, then the whole of this half share was to be given to the testator's other grandchildren.

Albert H. Dwelly has died. The fund was not paid to him by the trustee thereof; and his mother, who died before him, did by her will appoint a new trustee (the petitioner) to succeed herself. Accordingly the trust was not terminated before Albert's death. He left no widow. No express directions are given in Aaron S. Dwelly's will for the disposition of the trust fund in the event which has happened.

We cannot find in this article of the will, or in any other part of the will, the manifestation of an intent that Albert H. Dwelly should have any further or greater interest in the fund than that which was expressly given to him. The contingencies on which he was to take anything more are clearly set forth in unmistakable language. We cannot enlarge that language or give to Albert any greater interest than that which his father chose to give to him. The limitations over, after Albert's decease, of whatever then might remain of the trust fund indicate that Albert's interest was only for his life, unless it should have been made absolute, as might have been but was not the case.

But, even if (as it has been contended that we ought to do) we should disregard entirely the disposition of the fund which the testator directed to be made if his son Albert should die leaving a widow, on the ground that the event therein contemplated has not happened, yet there would be left nothing more than the creation of an equitable life estate for the benefit of Albert, with merely a provision for the enlargement of his interest upon either one of two contingencies, neither of which has happened, and both of which, during the lifetime of his mother, the testator's widow, had been carefully made to depend wholly upon her judgment and discretion, to which the testator declared that he entirely confided the matter. The court cannot exercise in Albert's favor the discretion which thus was confided to his mother; nor, when the testator chose to entrust the enlargement of his son's interest to her unfettered discretion, can the court say that he intended to give to his son anything more than the opportunity to obtain the enlargement by the exercise of that discretion. The court can indeed give effect to any intention of a testator which he has shown by the words that he has used, even though it has not

been articulated in formal language; but such an intention must appear from a perusal of the will itself. It cannot be inferred from mere silence; much less can such an inference be founded upon bare conjecture as to what a testator would have said if he had foreseen the events which have happened since his death. We cannot speculate as to his intentions and make for him such a will as we may consider that he now, in view of present circumstances, would have made. And so are our decisions. *Nickerson* v. *Bowly,* 8 Met. 424, 431. *Metcalf* v. *Framingham Parish,* 128 Mass. 370, 374. *Boston Safe Deposit & Trust Co.* v. *Coffin,* 152 Mass. 95, 98. *Child* v. *Child,* 185 Mass. 376, 378. *Jones* v. *Gane,* 205 Mass. 37, 45. *Sanger* v. *Bourke,* 209 Mass. 481.

The equitable title to the principal of this trust fund never was vested in Albert H. Dwelly, and such cases as *Hayward* v. *Rowe,* 190 Mass. 1, have no application. Nor do the provisions of this will bring the case under the rule of such decisions as *Fay* v. *Phipps,* 10 Met. 341; *Holden* v. *Blaney,* 119 Mass. 421; *Chauncey* v. *Francis,* 181 Mass. 513; and *Powers* v. *Rafferty,* 184 Mass. 85.

The testator has made no other effective disposition of the fund. The limitations to the children of Albert H. Dwelly and of Mrs. Raymond are in terms contingent upon the death of Albert leaving a widow. No means are afforded by the language of the will from which we can determine how the testator desired the fund to be disposed of under the circumstances now existing. The bequests to his grandchildren are expressly made to depend upon a contingency which has not taken place; he has manifested no intention to make them independent of that contingency; and the court has no right to take away limitations which he chose to put upon his bounty.

It is true that a construction of a will which leads to a partial intestacy is not to be favored; and apparently this testator supposed that he was making an effectual disposal of all his property. But it is also true that he has made no provision for the disposition of this fund in the event which has happened; and we find disclosed in his will nothing from which we can determine that any particular disposition thereof would meet the desires or give effect to the intention which he has expressed. It follows that the case comes under the principles declared in *Boston Safe De-*

*posit & Trust Co.* v. *Buffum,* 186 Mass. 242; *Stearns* v. *Stearns,* 192 Mass. 144; *Walton* v. *Draper,* 206 Mass. 20; and *Bragg* v. *Litchfield,* 212 Mass. 148; and the fund must be disposed of as intestate property.

The result is that the fund so far as it consisted, of real estate descended to the testator's heirs, under the statute then in force, Gen. Sts. c. 94, § 1, to wit, his son Albert H. Dwelly and his daughter Ellen D. Raymond; and so far as it consisted of personal property was to be distributed under the provisions of Gen. Sts. c. 94, § 16, cl. 5, among the distributees of his intestate personal estate, to wit, his widow and his son and daughter, in equal shares.

The petitioner is to be instructed that it ought to pay to itself as trustee under the will of Albert H. Dwelly one half share of that part of the fund in its hands which represents the proceeds of the real estate included in the trust fund, and one third share of the residue of the fund; to those who now represent Ellen D. Raymond, the same amounts; and to those who now represent Hannah M. Dwelly the remaining one third share of the original personal property, being the residue of the fund. The payments to the representatives of Mrs. Dwelly and of Mrs. Raymond may be made either to the executors of their respective wills or directly to the parties now holding their interests, as may be found proper. *Buswell* v. *Newcomb,* 183 Mass. 111. *Gray* v. *Whittemore,* 192 Mass. 367, 385. *Clarke* v. *Andover,* 207 Mass. 91, 98. *O'Brien* v. *Lewis,* 208 Mass. 515, 519.

The terms of the decree, including all questions of costs and expenses, may be settled by a single justice.

*So ordered.*