THOMAS WESTON & another, trustees, *vs.* FANNY C. COBURN & others.

Middlesex.    March 13, 1917. — June 27, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy,* Time of vesting.

A testator by his will provided that a fund of $20,000 should be set apart for the support and maintenance of his deceased brother's widow, who was to be paid such amounts of either principal or income and at such times as she might require, and that, if at her death any unexpended balance should remain, it should be paid in equal parts to two nieces of the testator and their heirs and assigns. *Held,* that the interest of the nieces in the remainder of this fund vested at the death of the testator.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on May 1, 1916, by the trustees under the will of Nathan Parker Coburn, late of Newton, for instructions in regard to the construction of the twenty-ninth article of that will and their duties thereunder.

The Probate Court made a decree "that the bequest given to Anna M. Coburn in the twenty-ninth clause of the will of said Nathan Parker Coburn vested in the said Anna M. Coburn at the death of the testator and the interest of the said Anna M. Coburn in said bequest passed under her will to Marita C. Payson and is to be taken by the said Marita C. Payson, and the petitioners be and they hereby are instructed to pay the part to which the said Anna M. Coburn was entitled in any balance found of the trust

fund mentioned in the said twenty-ninth clause, and in their hands at the time of the decease of the widow of James F. Coburn mentioned in said twenty-ninth clause, to the said Marita C. Payson."

The defendant Fanny C. Coburn, the residuary legatee under the will of Nathan Parker Coburn, appealed.

The appeal was heard by *Braley,* J., who made a final decree that the decree of the Probate Court be affirmed and the case remanded to that court for further proceedings. The defendant Fanny C. Coburn appealed.

*C. S. Ensign, Jr.,* for the defendant Fanny C. Coburn, submitted a brief.

*W. L. Pullen,* for the plaintiffs.

CROSBY, J. This is a bill for instructions brought by the trustees under the will of Nathan Parker Coburn.

The twenty-ninth article of the will is as follows: "Twenty-nine. I hereby direct that my executors hereinafter named shall set apart the sum of Twenty Thousand Dollars and out of said sum shall pay over at such times and in such amounts as the widow of my deceased brother James F. Coburn may from time to time require, for her comfortable maintenance and support; and upon her decease I give and bequeath in equal parts any balance of said sum of Twenty Thousand Dollars remaining in the hands of my said executors and unexpended by them as aforesaid, to Anna M. Coburn and Mrs. Jennie Valentine daughters of my deceased brother James F. Coburn to them and to their heirs and assigns forever."

The widow of James F. Coburn, Jane Coburn, the life beneficiary named in the twenty-ninth clause of the will, died on December 25, 1914. Anna M. Coburn, also named in the twenty-ninth clause, died on May 23, 1907, testate. By the terms of her will she devised and bequeathed the rest and residue of her estate to her niece, Marita C. Payson, one of the defendants. The defendant Jennie L. Greene, formerly Jennie Valentine, survived the life tenant.

The question is, whether the interest given to Anna M. Coburn was a vested remainder and passed by her will and, upon the death of the life tenant, Marita C. Payson became entitled to one half of the balance of the fund remaining in the hands of the trustees,

or whether, as Anna M. Coburn died before the life tenant, the bequest to her lapsed and became a part of the residue of the estate, to which the appellant Fanny C. Coburn as residuary legatee is entitled.

It has long been settled in this Commonwealth that estates given by will should always be regarded as vesting immediately upon the death of the testator, unless from the terms of the will it clearly appears that it was the intention of the testator that such estates should be contingent upon a future event. *Bosworth* v. *Stockbridge*, 189 Mass. 266.

The manifest purpose of the testator was that the sum of $20,000 should be set apart for the support and maintenance. of his deceased brother's widow, who was entitled to such amounts of either principal or income, at such times as she might require. Under this provision of the will, the whole amount of the fund if necessary could be used for her support and maintenance; but, if any unexpended balance remained at her decease, it was to be paid to Anna M. Coburn and Jennie Valentine, nieces of the testator, and their heirs and assigns. The gift to the nieces is not made contingent upon their surviving the life tenant. There is nothing in the will indicating that they were not to take whatever remained at the death of the tenant for life. It is plain that they took a vested remainder upon the death of the testator in whatever remained of the residue of the fund on the death of Jane Coburn. *Shaw* v. *Eckley*, 169 Mass. 119. *Cook* v. *Hayward*, 172 Mass. 195. *Dana* v. *Dana*, 185 Mass. 156. *Cushman* v. *Arnold*, 185 Mass. 165. *O'Brien* v. *Lewis*, 208 Mass. 515. *Whitman* v. *Huefner*, 221 Mass. 265.

The appellant has cited many cases in support of her contention that Anna M. Coburn took a contingent remainder, and as she died before the life tenant, that the legacy lapsed; it is enough to say that an examination of these cases shows that they are distinguishable from the case at bar.

It follows that, as the life beneficiary named in the twenty-ninth clause has deceased, Marita C. Payson legatee under the will of Anna M. Coburn is entitled to one half of the balance of the fund remaining in the hands of the trustees at the death of Jane Coburn.

*Decree affirmed.*