F. HAVEN CLARK *vs.* LINDSAY CLARK HEARNE & others.

Suffolk.   January 19, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Trust,* Construction of instrument creating trust.

The first paragraph of a declaration of trust provided that it should continue until the death of a certain person. The third paragraph provided that the income of the property should be paid to that person

"quarterly or oftener if convenient . . . during her life," and that upon her death the trust was to end and "the property, including accrued income" was to be paid to her issue, and, in default of issue, to certain other persons, the life beneficiary being prohibited from anticipating the income.    The fourth paragraph contained several clauses providing for the powers and duties of the trustees; under its eighth clause the trustees were empowered to pay the income "at such rates as they shall think fit, reserving all or such part of the income" as they shall deem proper as a contingent or sinking fund, or both; it then provided that the trustees should have the power to invest and reinvest this contingent or sinking fund and "to distribute all or any part thereof to the persons entitled thereto, or to pay out or divide from the capital of the property, or any part thereof, whenever they shall think fit." *Held*, that

(1) "The capital of the property" spoken of in the eighth clause of the fourth paragraph referred to the capital of the "contingent or sinking fund, or both," and not to the entire trust fund;

(2) The trustees had no power to make payments from principal of the trust fund to the life beneficiary.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on July 12, 1927, by the trustee under a declaration of trust described in the opinion, for instructions in answer to the following questions: (1) whether the plaintiff as trustee under the provisions of the trust deed was authorized to pay the whole, or (2) a part, of the principal of the trust to Lindsay Clark Hearne "whenever he shall think fit"; (3) whether, if the answer to the first question was in the negative and that to the second was in the affirmative, the trustee was limited to authority to pay "only such part of the principal of the property held by him as trustee as aforesaid as may be represented by the so called contingent or sinking fund, if any, described in the eighth clause of the fourth paragraph of said declaration of trust"; or, (4) was authorized to pay "any part of the principal of the property held by him as trustee as aforesaid as he in his discretion may determine"; and (5) whether the determination by the trustee as to payments lay wholly within the trustee's discretion without its being subject to review by the court.

Samuel Hoar, Esquire, was appointed guardian *ad litem* for certain minors and persons not ascertained and not in being.

The suit was reserved by *Pierce*, J., for determination by the full court.

The case was submitted on briefs.

*J. Sidney Stone & H. P. Mason,* for the defendants Lindsay Clark Hearne and another.

*S. Hoar & G. K. Gardner,* for the guardian *ad litem* of Aletta Jones Clark and others.

CARROLL, J. In this petition for instructions, by the trustee under a declaration of trust dated August 30, 1919, the question to be decided is the authority of the surviving trustee to pay the whole or any part of the principal, free from any trust, to the life tenant, M. Lindsay Reid, now Lindsay Clark Hearne.

The first paragraph of the declaration of trust provided that the trust "shall continue until the death of M. Lindsay Reid." Under the third paragraph the income of the property "shall be payable quarterly or oftener if convenient to the said M. Lindsay Reid during her life." Upon her death the trust was to end and "the property, including accrued income" was to be paid to her issue; in default of issue, to the grandchildren of M. Lindsay Baker. In this paragraph M. Lindsay Reid was prohibited from anticipating the income. Under the eighth clause of the fourth paragraph the trustees were directed to pay over the income "at such rates as they shall think fit, reserving all or such part of the income in any year as they shall deem proper as a contingent or sinking fund, or both, with the power to invest and reinvest the same, and thereafter to distribute all or any part thereof to the persons entitled thereto, or to pay out or divide from the capital of the property, or any part thereof, whenever they shall think fit."

It is under this eighth clause of the fourth paragraph that it is contended that the surviving trustee should be instructed to distribute the principal of the trust fund.

The rights of the parties are to be determined by the language of the instrument taken as a whole and the circumstances in which the language was used. The intent of the settlor is to be found in the words of the declaration construed in the light of all the surrounding facts. *Eustace v. Dickey,* 240 Mass. 55, 72, 73. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65.

It distinctly appears in the first paragraph of the instrument of trust that the trust was to continue during the lifetime of M. Lindsay Reid; and in the third paragraph it is clearly stated that the trust was to terminate upon her death. It was declared that on her death the property, including the accrued income, should be paid to the remaindermen. If there were no other provision in the declaration of trust providing for its termination, the trustee would be without authority to distribute the principal during the life of the life tenant. The life tenant, however, relies on the eighth clause of the fourth paragraph for the power to end the trust. The fourth paragraph provides for the powers and duties of the trustees; and under the eighth clause of this paragraph the trustees are empowered to pay the income "at such rates as they shall think fit, reserving all or such part of the income" as they shall deem proper as a contingent or sinking fund, or both. It then provides that the trustees shall have the power to invest and reinvest this contingent or sinking fund and "to distribute all or any part thereof to the persons entitled thereto, or to pay out or divide from the capital of the property, or any part thereof, whenever they shall think fit." There is no authority under this clause given the trustee to end the trust and distribute the principal to the life tenant; the clause deals with the reserved income which is to go to make up the sinking or contingent fund, or both, and the capital thus accumulated is to be paid in the discretion of the trustees to the "persons entitled thereto." The clause in question did not include the entire trust fund; it had reference only to the portion of the income not distributed, which made up the sinking or contingent fund, or both, and these funds were referred to when the trustee was given the power to pay out or divide from the capital of the property "whenever they shall think fit." "The capital of the property" spoken of in the clause in question refers to the capital of the "contingent or sinking fund, or both," and not to the entire trust fund. To give this clause the meaning that the trustee can, in his discretion, terminate the trust during the life of the life tenant would be inconsistent with the explicit statement that the trust was to continue until her

death, and would contradict the language of the declaration of trust that on the death of M. Lindsay Reid the property was to go to the designated remaindermen. The clearly expressed plan of distribution as shown by the first and third paragraphs of the declaration of trust cannot be overthrown by the section relating almost wholly to the management of the trust.

The construction contended for by the life tenant and her mother is contrary to the meaning of the declaration of trust, and would deprive the remaindermen of their interests in the trust. Accordingly, the petitioner is instructed that to the first, second and fourth questions we answer No. As to the third question, it does not appear there is in the possession of the trustee any sinking or contingent fund, and we are not called upon to answer this question. As to the fifth question, no further instruction is necessary.

> *Decree accordingly.*
> *Costs as between solicitor and client in*
> *the discretion of the single justice.*