EDGAR F. PARKHURST, trustee, *vs.* VIRGINIA S. JONSBERG, administratrix, & others.

Middlesex.     January 4, 1949. — March 8, 1949.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Determinable estate, Executory gift, Survivorship. *Words*, "Equally or to the survivor."

Under provisions of a will directing trustees to hold a fund for the benefit of the testatrix's grandson until he was twenty-six years of age and then to pay the fund to him free of trust, but, if he should die before reaching that age, to pay the fund to the testatrix's sisters, the grand-

son took a vested equitable estate in the nature of a fee, determinable upon his death before reaching the specified age, and the sisters took a right to the fund by executory gift in that event; and the sisters' legal representatives were entitled to the fund where the grandson died before reaching the specified age and both sisters had predeceased him.

Provisions of a will making an executory gift over of a trust fund to two sisters of the testatrix "equally or to the survivor" upon the occurrence of a certain event, when interpreted in the light of a gift of the residue to them "equally or to the survivor," meant survivorship at the death of the testatrix, not survivorship at some later time, and their legal representatives were entitled to the trust fund in equal shares where the event in question occurred and they both had survived the testatrix but had died previous to its occurrence.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on July 21, 1947.

The case was heard by *Monahan*, J.

In this court the case was submitted on briefs.

*C. DeMallie*, for the respondent Jonsberg, administratrix.

*R. H. J. Holden*, for the respondent Clifford, administratrix.

*E. Fisher*, for the respondent Parkhurst, administrator.

LUMMUS, J. This is a petition for instructions brought by the surviving trustee under the will of Clara L. Avery, late of Chelmsford, who died on September 5, 1933.

By her will the testatrix gave to trustees "all the money and deposits of money which I shall be possessed of at the time of my decease," in trust "to pay the income from the money on deposit in the Lowell Co-operative Bank . . . to my grandson, George Larcom Avery, . . . until he shall reach the age of twenty-one years, at which time I further direct my said trustees to pay him the net income of the entire trust estate, quarterly, until he shall reach the age of twenty-six years, at which time I further direct my said trustees to pay over to the said George Larcom Avery the entire principal, free and discharged of all trust, but in the event that the said George Larcom Avery shall die before the termination of said trust, then I direct my said trustees to pay over the entire trust fund to my two sisters, Charlotte M. Parkhurst and Hortense [P.] Hall, both of said Chelms- .

ford, free and discharged of all trust, equally or to the survivor." The same two sisters were given the residue of the estate, "equally or to the survivor." George Larcom Avery was the sole heir at law of the testatrix.

Charlotte M. Parkhurst died on April 1, 1942. Hortense P. Hall died on December 6, 1943. George Larcom Avery was born on April 9, 1925, but died in 1945, and therefore did not live to reach the age of twenty-six years, or even the age of twenty-one years.

Upon the foregoing facts, which were admitted, the judge entered a decree instructing the petitioner to distribute the trust fund in equal shares to the administrator of the estate of Charlotte M. Parkhurst and the administratrix of the estate of Hortense P. Hall. Virginia S. Jonsberg, the administratrix of the estate of George Larcom Avery, appealed.

The will gave to George Larcom Avery an absolute equitable interest in the trust fund, in the nature of a fee, which interest was presently vested although the time for enjoyment of the principal free from trust was postponed. until he should attain the age of twenty-six years. In *Gurnel* v. *Wood*, 8 Vin. Abr. (2d ed.) 112, Case 38, there was a devise to A and his heirs, and if he die before twenty-one, then to B and his heirs. B died in the lifetime of A, but B's interest was held to pass to his heirs. See also *Clobberie's Case*, 2 Vent. 342; *Pinbury* v. *Elkin*, 1 P. Wms. 563, *S. C.* 2 Vern. 758, 766; *Barnes* v. *Allen*, 1 Bro. C. C. 181. In *Eldridge* v. *Eldridge*, 9 Cush. 516, the testator gave legacies to his granddaughters Hannah and Sarah "when they severally become of age." Sarah died during her minority, but Shaw, C.J., in deciding that her administrator could recover the legacy said that it "was a vested legacy, and did not depend upon the contingency of her arriving at the age of twenty-one." In *Wardwell* v. *Hale*, 161 Mass. 396, the testator gave his son a legacy "to be paid to him when he shall attain the age of thirty years." The son died before that time, but his administrator recovered the legacy. In *Cook* v. *Hayward*, 172 Mass. 195, the testator gave his wife a life estate in his real estate, and "at the decease of my said wife" gave his

son "the sum of five thousand dollars to be paid to him at the decease of my said wife out of the estate of which I have given the life estate to my said wife." The son died before the wife. It was held that the legacy vested in the son on the death of the testator, although payment was postponed until the death of the wife. In *Weston* v. *Coburn,* 227 Mass. 483, the testator gave $20,000 for the support of his brother's widow for life, and upon her decease gave the unexpended balance to Anna M. Coburn and her sister. Anna died before the widow. It was held that the gift to her vested at the death of the testator, and passed under her will.

The interest of George Larcom Avery, though absolute in the sense of being equivalent to a fee, was determinable upon his death before arriving at the age of twenty-six years, in which case the entire trust fund was to pass by way of executory bequest or devise to the two sisters of the testatrix. *Proprietors of the Church in Brattle Square* v. *Grant,* 3 Gray, 142, 149, 150. In *Winslow* v. *Goodwin,* 7 Met. 363, the testator created a trust for his wife for life, and then his daughter Sarah was to take one seventh of the estate. But if his daughter Sarah should die in the lifetime of her husband, her share was to pass to her children. After the testator's wife died, Sarah died, having had nine children, of whom three died in her lifetime. Her husband was still living. It was held, that the personal representatives of the three deceased children were entitled to share with the living children. That case was referred to with approval in *Wight* v. *Shaw,* 5 Cush. 56, 61. In *Smith* v. *Smith,* 186 Mass. 138, the testatrix established a trust fund the income of which was made payable to Naomi Richmond, and the principal was made payable to her upon the death of her husband. If she should die before her husband, the trust fund was to pass to the brothers and sisters of the testatrix. Naomi died during the lifetime of her husband. At her death the testatrix left three brothers and a sister, besides Naomi. One of the brothers died before Naomi. It was held that the administrators of the estates of Naomi and the deceased brother were to share with the surviving sister and brothers.

See also *Shaw* v. *Eckley*, 169 Mass. 119; *Nickerson* v. *Harding*, 267 Mass. 203.

The remaining question concerns the effect of the words "equally or to the survivor" in the gift to the two sisters of the testatrix. Do those words refer to survivorship at the death of the testatrix, or to survivorship at some later time? If the former is the correct construction, both sisters or their personal representatives take. If the latter, Hortense P. Hall or her personal representative takes. The same words are found in the residuary clause, where they necessarily refer to survivorship at the death of the testatrix. The estate of Hortense P. Hall does not argue that it is entitled to the fund to the exclusion of the estate of Charlotte M. Parkhurst. We think that since the testatrix was survived by both her sisters, both were entitled to the fund upon the death of George Larcom Avery before reaching the age of twenty-six years, and that the decree giving the fund to the personal representatives of both, in equal shares, was right. *Galloupe* v. *Blake*, 248 Mass. 196. *McInnes* v. *Spillane*, 282 Mass. 514. *Ball* v. *Holland*, 189 Mass. 369. *Lord Bindon* v. *Earl of Suffolk*, 1 P. Wms. 96. *Moore* v. *Lyons*, 25 Wend. (N. Y.) 119. *Nass's Estate*, 320 Pa. 380, 114 A. L. R. 1, and note.

*Decree affirmed.*