SAMUEL DAYTON DOGGETT, trustee, *vs.* THE NEW ENGLAND TRUST COMPANY & another, executors, & others.

Norfolk. January 30, 1951. — March 7, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy*, Remainder, Intestacy, Heirs. *Trust*, Distribution.

Certain provisions of a will for the payment of the income of a trust to the testator's widow for her life and for the distribution of the principal upon her death, in the event that no issue of the testator survived her, to two named cousins of the testator and to the issue of either or both of the cousins if deceased, were construed as not making a gift to either cousin unless, besides such failure of the testator's issue, that cousin should survive the widow; and, where no issue of the testator survived the widow and each of the cousins predeceased her leaving no issue, the principal of the trust was intestate property of the testator which passed to his heirs determined as of the time of his death, including the widow.

Upon the record in a proceeding involving a distribution of a trust fund to the heirs of one who had died many years before, the shares of two

persons who unquestionably had been his heirs at the time of his death, even if a diligent search since the commencement of the proceeding disclosed no information concerning them, were properly ordered paid to them or to their legal representatives or to the parties presently holding their respective interests, a share unclaimed after six months to be deposited in a savings bank pursuant to G. L. (Ter. Ed.) c. 206, §§ 26, 25, as amended.

PETITION for instructions, filed in the Probate Court for the county of Norfolk on November 1, 1949.

The case was heard by *Reynolds*, J.

In this court the case was submitted on briefs.

*P. B. Sargent*, for the respondents The New England Trust Company and another, executors.

*W. T. Conlan*, for the respondent Doggett, executor.

*J. W. Huse & F. H. Free, Jr.*, for the respondent Morrill.

*J. H. Elcock, Jr.*, guardian ad litem, pro se.

WILKINS, J. The trustee under the will of Stephen H. Williams petitions for instructions as to the distribution to be made under the residuary clause. This gave the residue in trust to pay the net income to the testator's wife, Ella A. Williams, for life; "and upon her decease, if she shall leave any children or issue by me surviving her, I direct that the trust herein created shall be continued and the said net income be paid to such children in equal shares, the issue of any deceased child to take the parent's share by right of representation, until the last of such children to attain the age of twenty-one years shall have reached such age, and upon that event or upon the death of all my children, whichever shall first occur, I direct that this trust shall terminate and that my trustees shall pay over and distribute the principal of said trust fund and its accumulations, if any, free and discharged of all trusts, to and among such children in equal shares, the issue of any deceased child to take by right of representation the same share that its parent would have taken if living; but if at the time of my said wife's decease she shall leave no child or issue by me surviving her, or if at the time provided herein for the termination of said trust there shall be no child or issue of any deceased children of mine living, I direct that the

principal of said trust fund and its accumulations shall be paid over in equal shares to my cousins Alice A. Hobbs and Edith M. Hobbs, and the whole to the survivor of them, if either of them shall have then deceased leaving no issue; and if either or both of them shall have deceased leaving issue surviving her, then to pay over the share of each to such issue in equal shares, by right of representation; and the whole in the same manner to the issue of such one as shall have died leaving issue surviving her in case the other shall have died leaving no issue surviving her."

The testator died, and his will was allowed, in 1911. His wife died in 1949 without ever having had issue, and Doggett is executor under her will. Alice A. Hobbs died without issue in 1938 and by her will left her entire estate to her sister, Edith M. Hobbs, who died without issue in 1947 leaving a will of which The New England Trust Company and J. Perry Smith, Junior, are the executors. The trust estate consists entirely of personal property. In the Probate Court a decree was entered ordering the payment of $5,000 and one half of the balance of the fund to Doggett as executor of the widow's estate, and one half in equal shares to six cousins of the testator (including Alice A. Hobbs and Edith M. Hobbs) or their legal representatives. G. L. (Ter. Ed.) c. 190, § 1. See now St. 1945, c. 238. The executors under the will of Edith M. Hobbs appealed.

1. The whole will demonstrates that the testator's main interest was his wife, and that next came their children or issue, if any. Alice A. Hobbs and Edith M. Hobbs were collateral relatives. See *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39; *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177, 179; *Boston Safe Deposit & Trust Co.* v. *Park,* 307 Mass. 255, 261. The gift to them was an alternative provision for distribution of the principal upon the termination of the trust. That gift followed other provisions for distribution upon termination to the testator's children and the issue of deceased children. There were no words of present donation to the cousins. On the contrary, it was said that "if either or both of them shall have

deceased," the gift shall go to others, namely, their issue. It seems clear that no gift was made to either unless (1) at the death of the widow there should be no living child or issue of the testator and his widow and (2) the cousin herself should be living. The language made the gift depend upon survivorship by each cousin, a condition which was not fulfilled. *Springfield Safe Deposit & Trust Co.* v. *Dwelly,* 219 Mass. 65, 69–70. *Linscott* v. *Trowbridge,* 224 Mass. 108, 111. *Lyons* v. *Lyons,* 313 Mass. 550, 552. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 710–711. Restatement: Property, § 250. Cases are distinguishable where there are no words importing survivorship or where there are simply interests in remainder preceded by interests of life beneficiaries. See *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177; *Barker* v. *Monks,* 315 Mass. 620. There were also contingent provisions for payment to the issue of either or both cousins, yet in the enumeration of possibilities for which provision was made, there was omitted the possibility which occurred, namely, the widow surviving both cousins and all three dying without issue. *Crapo* v. *Price,* 190 Mass. 317, 321–322. *Gardiner* v. *Everett,* 240 Mass. 536, 539. *Commissioner of Corporations & Taxation* v. *Baker,* 303 Mass. 606, 611.

2. As the testator made no provision for the situation which actually came to pass, there is an intestacy as to the fund now in the residue. The widow's estate was properly included in the decree. The will discloses no intention to exclude her estate in the event of partial intestacy in favor of the estate of the more recently deceased cousin, and the residuary gift which has failed passes to those who were the heirs of the testator under the statute of distribution in force at his death. *Old Colony Trust Co.* v. *Johnson,* 314 Mass. 703, 711. *Hendrick* v. *Mitchell,* 320 Mass. 155, 161. *Langlois* v. *Langlois,* 326 Mass. 85, 88–89. See *Tyler* v. *City Bank Farmers Trust Co.* 314 Mass. 528, 531.

3. On this record, the judge properly could order the shares of Theodore Lunt and Anna Kilvert, cousins of the testator, to be paid to them or to their legal representatives

or to the parties now holding their respective interests. *Buswell* v. *Newcomb*, 183 Mass. 111, 114. *Springfield Safe Deposit & Trust Co.* v. *Dwelly*, 219 Mass. 65, 71. *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 472–473. It is unquestioned that these cousins, described in the petition as "supposed to be living in New York City," were heirs at law of Stephen H. Williams at his death in 1911. They have been represented in these proceedings by a guardian ad litem. Assuming that diligent search since the filing of the petition has not disclosed any information about them, the judge nevertheless could find that they are still heirs. The evidence is not reported, and the decree imports the finding of this fact, which must be accepted as true. *Welch* v. *Flory*, 294 Mass. 138, 143. *Carmichael* v. *Carmichael*, 324 Mass. 118, 119. Accordingly, he could appropriately order that all shares unclaimed after six months should be deposited in a savings bank in the name of the judge to accumulate for the benefit of the persons entitled. G. L. (Ter. Ed.) c. 206, § 26.

4. The allowance of costs and expenses shall be in the discretion of the Probate Court.

*Decree affirmed.*